# State, *ex rel.* Johnson *v.* Southern Building & Loan Association.

*Quo Warranto to Forfeit Charter of Corporation.*

(Decided January 15th, 1902.)

1. *Information under Section 3417, et seq. of Code; pleading.*—An information under section 3417 *et seq.* of the Code, seeking to forfeit the charter of a building and loan association, which alleges, generally, that the corporation "operates and enjoys said franchises, and abuses and non-performs the duties granted and assumed by said corporation under said franchises," is subject to demurrer for generality of averment.

2. *Same; forfeiture of charter for having by-law contravening statute.*—An information, under sections 3417 *et seq.* of the

[State, *ex rel.* Johnson v. Southern Building & Loan Association.]

Code, which alleges that defendant building and loan association has enacted a by-law which contravenes the provisions of section 1135 of the Code, and alleges the powers and rights claimed by the association under such by-law, but fails to show that this by-law has ever been enforced against any particular member, is demurrable for generality.

3. *Same.*—A count of an information under sections 3417 *et seq.* of the Code, is demurrable and insufficient, which alleges that the corporation has been guilty of violating section 1136 of the Code in failing to set forth in the "January, 1900, of its by-laws," under which it was acting, "a definite withdrawal value of all shares of stock," of a certain kind, etc., but fails to show that any such shares of stock are in existence; there being no penalty for failure to include the stated facts in any edition of the by-laws, and it not being the duty of the corporation, under the statute, to' include in its by-laws facts which are simply mentioned in the statute as a basis by which to ascertain the facts which are to be included.

4. *Same.*—A count in an information under sections 3417 *et seq.* of the Code, is demurrable for generality and vagueness which states the general policy of the company, in discriminating between the treatment accorded to investors in its stock and borrowers, without stating any instances in which such policy has been put into actual operation.

5. *Judicial knowledge; character of stocks in building and loan associations.*—The courts cannot take judicial knowledge of the difference between investment stock and ordinary stock in a building and loan association, or of the incidents of such stock.

6. *Corporations; forfeiture of charter for misuser of franchises.*—The charter of a corporation will not be declared forfeited for every act *ultra vires;* the abuse must be willful, continued and relate to the essence of some franchise granted, and it must appear that relief cannot be obtained in any other mode.

7. *Same.*—To constitute a misuser of corporate franchises such as to warrant its forfeiture, the *ultra vires* acts must be so substantial and continued as to amount to a clear violation of the condition upon which the franchise was granted, and so derange or destroy the business of the corporation that it no 'longer fulfills the end for which it was created.

8. *Forfeiture of charter of building and loan association; what acts and omissions will not authorize.*—The facts that a building and loan association has enacted a by-law, which contravenes the provisions of a statute, under which it may hold a borrowing member, after default and on foreclosure of his mortgage, still bound for premiums, interest, fines and dues, and

[State, *ex rel.* Johnson v. Southern Building & Loan Association.]

fail to give him credit for payments made; that it has failed, contrary to statute, to include in one edition of its by-laws "a definite withdrawal value of all shares of stock upon which all dues and charges for one year or more have been paid, at not less than eight per cent. per annum thereon," etc.; that it has a general policy of discriminating in its treatment of investing members and borrowing memoers,—do not authorize the forfeiture of its charter, where no facts are alleged showing the enforcement of said by-law in any particular case, or any instance of discrimination, and where it is not shown that any shares are in existence upon which all dues and charges for one year or more have been paid.

APPEAL from Madison Circuit Court.

Heard before Hon. O. KYLE.

Information in the nature of *quo warranto* under secions 3417, *et seq.* of the Code for the forfeiture of the charter of the Southern Building & Loan Association.

MOTLEY, CARSON & SIVLEY, for appellant.—A general allegation of usurpation is sufficient.—103 Ill. 511; 6 Cowan, 196; 24 Wis. 63; 14 Cal. 43; 16 Cal. 308 The acts charged authorize the forfeiture of the charter. Endlich on B. & L. Assocs., §§ 54, 311, 328, 505; High's. Extraord. Leg. Rem. (2d ed.), § 651; *People v. K. & M. T. Co.,* 23 Wendell, 193; *People v. Improvement Co.,* 103 Ill. 491, 510; *People v. Utica Ins. Co.,* 15 Johns. 358; 5 Thomp. Corp., §§ 6611-12.

MILTON HUMES, R. W. WALKER and LAWRENCE COOPER, in addition to the authorities cited in the opinion, cited the following: *Johnson v. S. B. & L. Asso.,* 121 Ala. 524; 9 L. R. A. 33, 37; 3 L. R. A. 510; 17 Ency. Pl. & Pr., 457-460, 415, 421, 404; 20 Pa. St. 189; Spelling's Relief, § 1830; High's Extr. Legal Rem., § 649; 84 Ala. 119; 11 Colo. 138; 23 Colo. 425; 149 Ind. 243; 2 Mont. 109; 50 Ala. 568; Thompson on Building Associations (2d ed.), § 275; Thornton & Blackledge B. & L. Associations, § 366; Endlich B. & L. Associations, §§ 297-98.

TYSON, J.—This is an information in the nature of a *quo warranto* filed under section 3417, *et seq.* of

the Code seeking to forfeit the charter of the Southern
Building & Loan Association, a corporation organized
under the general laws of the State.  The petition is
filed in the name of the State on the relation of Thomas
L. Johnson, and by said Johnson in his own behalf.  As
originally framed it alleged numerous conclusions of law
and fact, without separating them into counts or other-
wise designating the several causes of action.  This was
informal.—*Highland Ave. & Belt R. R. Co. v. Dusen-
berry,* 94 Ala. 413; *R. & D. R. R. Co. v. Weems,* 97 Ala.
270.  The petition, after demurrer sustained, was twice
amended, and as amended, was separated into several
counts.  We need only consider it as last amended since
it contains, in what was conceived to be better form, all
that was originally alleged as grounds of complaint, with
the exception of the alleged failure to make returns re-
quired to be made by building and loan companies to the
State auditor by section 1129 of the Code.  While this
ground need not be separately discussed, since it can be
disposed of on general principles applicable to other
counts of the petition, yet it may not be amiss to call
attention to the fact that section 1130 provides a pen-
alty for the violation complained of.—*State v. Real Es-
tate Bank,* 41 Am. Dec. 109.

As last amended the demurrer was sustained, and the
plaintiff declining to amend further, the petition was
dismissed.  This action of the court is now assigned as
error.

The first count of the petition as last amended, after
stating the age and residence of the relator and the date
of the formation of the corporation, with reference to
the general statutes under which it was formed, charges,
generally, that the corporation "carries on its business
in said city and operates and enjoys said franchises, and
abuses and non-performs the duties granted and assumed
by said corporation under said franchise," etc.  If
grounds of forfeiture of a charter may be stated thus
generally there was no necessity of any attempt at any
further or more particular statements in the later counts,
for this was certainly broad enough to cover any and
every dereliction of duty and abuse of franchises.  From
the very nature of the proceeding—one involving the life

of the corporation—it is evident that no such general statement will suffice. It fails in the prime purpose of written pleadings—the information to the defendant as to the charges it is to meet and defend against.—Code, §§ 3428, 3285; Note to *State v. Atchison R. R. Co.*, 8 Am. Stat. Rep. 181.

In the second count, the complaint is, that the corporation has enacted a by-law which contravenes the provisions of section 1135 of the Code. It is alleged in substance, that under the by-law, the company may hold the borrowing member, after default and when it forecloses the mortgage he has given, still bound for premiums, interest, fines and dues and fail to give him credit for payments made as required by said section. Of what member this particular exaction was ever made or whether of all members in default, there is no averment. It is, rather, a statement of the general policy of the company, and of its assumption of a right to proceed in a manner violative of the statute, than of any actual, specific statement of such violation. It is quite clear that the facts are not stated with the precision required under general rules of pleading, to say nothing of the strictness required in procedings of this character.

It is charged in the third count, that the corporation has been guilty of a violation of section 1136 of the Code, in that in its "January, 1900, edition of its by-laws," it failed to set forth "a definite withdrawal value of all shares of stock in said corporation upon which all dues and charges for one year or more have been paid, at not less than eight per cent *per annum* thereon for the average time such dues have been paid, less fines and penalties and a proportionate share of losses and expenses sustained." It is not seen why these facts should, under the statute, have been made to appear in its "January, 1900, edition of its by-laws." True, it is averred the corporation was acting under "the by-laws above referred to," but still no penalty was incurred for a failure to include the stated facts in any edition of those by-laws. Moreover, it was not the duty of the corporation to include a statement of all the facts postulated in the count, in its by-laws. The pleader complains that certain facts were not so included, which are mentioned in the

[State, *ex rel.* Johnson v. Southern Building & Loan Association.]

statute as a basis of calculation by which the facts which are to be included may be ascertained; as for instance, the calculation of interest at a named rate and the making of the deductions mentioned, etc. But aside from these objections, the count was open to all that were properly taken to the preceding count. There is no averment that there were, in fact, any shares in existence, upon which "all dues or charges for one year or more had been paid." The duties prescribed by the statute do not attach under all conditions, but only when the status is such as to call it into exercise or operation. It cannot be assumed that such a condition exists.;; on the contrary, the facts that show it must be clearly alleged.

The fourth and last of the counts is equally faulty in its failure to allege specific facts as distinguished from a general state or condition of corporate affairs or general plan of conducting its business. It attempts to draw a distinction between the treatment accorded by the corporation to investors in its stock and to borrowers—stating the general policy alleged to have been pursued by the company in the way of discrimination, but giving no instances in which that policy has been put into actual operation. It assumes, moreover, a knowledge by the court of many things which the court cannot judicially know. Was there, in fact, an issue of investment stock differing from ordinary stock? In what respect did it so differ? What were its peculiar incidents upon which the corporation predicated the right or assumed right to prefer them in the manner stated? These and other things necessary to an adjudication of the question whether the preference was or was not justified, cannot be known to the court unless alleged in the pleadings.

But there is another proposition upon which the action of the court in sustaining the demurrers must be affirmed, without reference to the form of the pleadings. While an information in the nature of a *quo warranto* is generally recognized as the appropriate proceeding of testing the right to exercise corporate functions and as the proper corrective for misuses or non-user or abuse of corporate franchises, it is not for the commission of

every act *ultra vires* that a charter will be declared for-feited. The abuse must be willful, continued and re-late to the essence of some franchise granted.—Note on page 180 of 8 Am. St. Rep., where all the cases are col-lated. See also *State v. Tombeckbee Bank*, 2 Stew. 30. It must also appear that the matter complained of is of such character, that no adequate relief can be obtained in any other mode. Courts are averse to declaring for-feitures, especially at the suit of individuals who show no interest in the matter complained of. The dominant idea in every case where a forfeiture can properly be de-clared is that the State should resume the franchise granted because of the abuse of it—thus involving a breach of duty to the State. True, wrongs to individ-uals may be made the predicate of an information of the kind, but they should be of such a character, as that they involve ,in the sense mentioned, an offense also against the grant of the State. Wrongs done credi-tors and stockholders in the course of the administration of the company's affairs, by the assumption of question-able rights, should not be made a ground of forfeiture, especially when it appears a remedy exists otherwise. The rights of stockholders are contract rights, and it cannot be doubted that there is a sufficient remedy in the ordinary processes of the courts for such injuries as are complained of, if they exist in fact.—*Jefferson County Savings Bank v. Francis*, 115 Ala. 324, and cases therein cited. The acts of commission and omission here at-tempted to be charged do not pertain to the grant in its essence and are not such as justify a forfeiture of the charter. In the case of *Minnesota v. Minn. Thresher Mfg. Co.,* 40 Minn. 213, will be found a very full and able discussion of the controlling principles to which we give our assent. While we do not commit ourselves to the distinction there made between the rights ac-quired under general charters and franchises acquired by special grant, we do concur in the limitations within which such proceedings may be maintained. It is said: "Acts in excess of power may undoubtedly be carried so far as to amount to a misuser of the franchise to be a corporation, and a ground for its forfeiture. How

[State, *ex rel.* Johnson v. Southern Building & Loan Association.]

far it must go to amount to this, the courts have wisely never attempted to define except in very general terms, preferring the safer course of adopting a gradual process of judicial inclusion and exclusion as the cases arise. But we think it may be safely stated as the general *consensus* of the authorities that to constitute a misuser of the corporate franchise such as to warrant its forfeiture ,the *ultra vires* acts must be so substantial and continued as to amount to a clear violation of the condition upon which the franchise was granted and so derange or destroy the business of the corporation that it no longer fulfills the end for which it was created." In High on Extraordinary Remedies (§ 649), the same principle is thus announced: "It is to be observed that the courts proceed with extreme caution in procedings which have for their object the forfeiture of corporate franchises, and a forfeiture will not be allowed, except upon express limitation, or for a plain abuse of power by which the corporation fails to fulfill the design and purpose of its organization. Especially are the courts inclined to look with disfavor upon such forfeitures when the law has provided other sufficient remedies; and when an adequate legal remedy is provided in damages the corporate franchise will not be forfeited until an entire derangement of the corporate affairs is shown." Authorities might be multiplied holding to the same proposition.—*State v. Real Estate Bank, supra; People v. Hillsdale Co.*, 2 Johns. 190; 9 Am. & Eng. Ency. Law (2d ed.), 573, 574 and note 2 on page 574.

It is scarcely necessary, in conclusion, to say that we intimate no opinion upon the propriety or otherwise of the corporate acts attempted to be complained of or as to the forum in which these questions may be tried. It is sufficient for this case, that the remedy does not lie in a forfeiture of the charter.

Affirmed.