# The State *ex rel.* Scott *v.* United States Endowment & Trust Company.

*Proceedings in the Nature of Quo Warranto to vacate Charter of Corporation.*

1. *Quo warranto; not necessary that application for appeal to be in writing.*—In making an application for an appeal from a judgment rendered in a *quo warranto* proceeding, it is not necessary that such application should be in writing.

2. *Same; when appeal perfected; withholding citation of appeal does not constitute abandonment of appeal.*—An appeal from a judgment or decree rendered in a *quo warranto* proceeding is perfected and completed when security for costs is filed with and approved by the clerk within the time prescribed by the statute within which an appeal must be taken, (Code,

[The State *ex rel.* Scott v. United States Endowment & Trust Co.]

§ 3437); and the fact that after such security for costs has been approved within the time prescribed, the clerk of the court, in accordance with the directions of the appellant's attorney, withdraws the citation of appeal from the hands of the sheriff, and withholds it until after the expiration of the time prescribed for the appeal to be taken, does not operate as an abandonment of the appeal.

3. *Quo warranto to vacate charter of corporation; who may institute proceedings.*—Under the statute providing for the institution of proceedings in the nature of *quo warranto* to vacate the charter of a corporation, (Code, §§ 3417, 3418), any person who gives security for costs, approved by the clerk, may institute and prosecute such proceedings.

4. *Forfeiture of charter corporation; when charter vacated, and when addressed to the discretion of court.*—If a corporation is found guilty of acts or omissions which are expressly declared to be a cause for the forfeiture of its charter, a court has no discretion to refuse a judgment vacating its charter, but in other instances where a corporation violates a duty imposed by its charter, or does not comply with an implied condition resting upon it by virtue of its acceptance of its charter, a court is vested with a discretion and may refuse a judgment of ouster, if, in its opinion, the interests of the public do not require such a judgment.

5. *Same; when charter will not be vacated for failure to establish office in this State.*—Where the charter granted to a corporation by a special act of the Legislature provides that said corporation shall maintain its principal office in a city in this State, and also provides for the establishment of branch offices in other counties of the State as well as in other States, the fact that while said corporation had established an office in the designated city, it did not maintain its principal office in said city until two years after its organization, does not constitute a ground for vacating its charter, when it is shown that its violaʼion of such duty has been without prejudice to any citizens of the State or any other person.

6. *Same; when charter will not be vacated upon failure to make report to Auditor.*—When a charter granted to a corporation by special act of the Legislature provides that the president of said corporation shall make an annual report to the Auditor of the State, showing the financial condition of said company, the failure of such corporation's president to make an annual report the first year of its organization, constitutes no ground for vacating said charter, when it appears that for the two succeeding years, the president made the reports required.

APPEAL from the City Court of Anniston.

Heard before the Hon. THOS. W. COLEMAN, JR.

The proceedings in this case were in the nature of *quo warranto*, and were instituted by the State upon the information of Thomas K. Scott, filing his petition addressed to the judge of the city court of Anniston against the United States Endowment & Trust Company, for the purpose of having the charter of said corporation, which was granted by a special act of the Legislature, declared forfeited and annulled. The relator in the cause is described as a resident citizen of the State of Georgia, and it is not disclosed in the petition that he has any interest, financially or otherwise, in the defendant corporation.

The petition avers the granting of the charter to the United States Endowment & Trust Company of Anniston, by an act of the General Assembly, approved March 4, 1901, and then avers the substance of the several sections of an act granting said charter. There were averred in the petition many grounds why the charter of said corporation should be forfeited, but the grounds insisted upon were as follows: 1. That there was a failure on the part of respondent to have its principal office and place of business in Anniston, Ala., as was provided by its charter. 2. That the president of the respondent had failed to file his annual report of the affairs of the corporation to the State Auditor, as was required by section 13 of the act incorporating said respondent. 3. That the respondent had abused its powers and acted contrary to the interest of its stockholders by the purchase of a building in the city of Anniston at an excessive valuation, in payment for the stock of some of its stockholders, and its managing agent. 4. That its board of directors had failed by rule or by-law to regulate the time for paying the subscription to the capital stock, and had not called for the payment of the subscriptions to its capital stock within a reasonable time after its organization.

The prayer of the petition was as follows: "Wherefore, petitioner prays that your honor will issue a writ to said corporation, commanding it to appear before

your honor on a day to be named, and show cause, if it can, why your honor should not enter a judgment, adjudging that said charter be vacated, and the existence of said corporation annulled, and that it be wound up under the direction of your honor."

The defendant demurrer to the petition upon the following grounds: 1st. For that it appears that the said Thomas K. Scott is not such person as is authorized to bring this suit, in that he is not a citizen of the State of Alabama. 2d. For that said petition is not verified. 3d. For that it does not appear from said petition that the defendant has committed or omitted any act which would authorize a judgment vacating its charter and annulling its existence as a corporation. 4th. For that it does not appear from said petition that there has been any such misuser or nonuser of the right and franchise of this defendant as would authorize a judment vacating its charter. 5th. For that said petition does not concisely and clearly set forth any act or omission which is sufficient to support this proceeding. 6th. For that it appears from said petition that there are stockholders of defendant and that such stockholders are necessary parties to any proceeding to annul or vacate its charter. This demurrer was overruled. Thereupon the respondent corporation filed its answer in which it denied all averments of the petition indicating bad faith or bad management of the corporate affairs, and set up the facts going to show that the failure to comply with the requirements of its charter as to having its principal office in the city of Anniston, and as to its president's making an annual report to the auditor, had resulted in no injury or prejudice to any of its stockholders or parties interested in said corporation. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court rendered judgment in favor of the defendant, and denied the relief prayed for in the petition. From this judgment the petitioner appeals, and assigns as error the several rulings of the trial court.

In the Supreme Court the appellee made a motion to dismiss the appeal in this cause upon the ground that

it was not taken within ten days after the rendition of the judgment. In support of this motion there was filed the affidavit of the clerk of the court. The judgment was rendered on January 29, 1903. The record shows that no application in writing was made for the appeal. The affidavit of the clerk recites that security for costs was filed and approved on February 6th, and that a citation of appeal was issued by him on that day, and delivered to the sheriff, but that subsequently on the same day, by direction of appellant's attorney who had filed the security for the costs, the citation of appeal was withdrawn by the clerk from the hands of the sheriff, and was then held by the clerk, under instructions from appellant's attorney, until the eleventh day of February, 1903, when the clerk was instructed to deliver it to the sheriff for execution, which he then did. The sheriff's return on the citation shows the facts as above stated.

BLACKWELL & AGEE, for appellant.—The appeal in this case should not be dismissed. Under section 3437 of the Code of Alabama, the appeal must be taken to the Supreme Court within ten days after judgment. Lodging with the clerk the bond for costs protects the appellee and the appeal is taken thereby without reference to the time the citation is issued or served. *Kimbrell v. Rogers*, 90 Ala. 339; *Moore v. Spier*, 80 Ala. 129; *Willingham v. Harrell*, 34 Ala. 680; *Cooper v. Maclin's heirs*, 25 Ala. 298.

The failure of the respondent corporation to establish and maintain its principal office in the city of Anniston was a breach of duty required of it by its charter; and for such breach its said charter should be forfeited and vacated.—*Simmons v. N. & B. Steamboat Co.*, 22 L. R. A. 677; *State v. Milwaukee R. R. Co.*, 45 Wis. 579; *Rolling Stock Co. v. People*, 24 L. R. A. 462; *State v. Real Estate Bank*, 41 Am. Dec. 109; *People v. Kingston T. R. Co.*, 35 Am. Dec.; 5 Thompson on Corporations, § 6617.

Again, the appellee offended against section 13 of its charter in that while the testimony shows that it

[The State *ex rel.* Scott v. United States Endowment & Trust Co.]

commenced business in June, 1901, no report was filed with the State Auditor until November, 1902. The failure to make the annual report to the State Auditor as required by section 13 of appellee's charter, is a cause of forfeiture.—*People v. Buffalo S. & C. Co.,* 15 L. R. A. 240.

The failure of the directors to call for the subscriptions to the capital stock of the company within a reasonable time after its organization is a ground of forfeiture.—*Chicago Life Insurance Co. v. Needles,* 113 U. S.; *State ex rel. v. Milwaukee L. S. & W. Ry. Co.,* 45 Wis. 519.

KNOX. ACKER & BLACKMON. *contra.*—It will be observed that the statute requires two acts to be done to obtain an appeal, namely, (1) an application to the clerk, and (2) giving security for costs.—Code, § 3437.

In some jurisdictions, it is held that when the statute requires that an application for appeal shall be made, and does not prescribe the manner or form of making the application, the application must be in writing.—*Hilze v. Schenk,* 15 N. J. Eq. 398; *Claypool v. Norcross,* 26 N. J. Eq. 529.

The statute limiting the time within which to take an appeal must be strictly complied with.—2d Ency. Pl. & Pr. 239-240; *West v. Engel,* 101 Ala. 509.

The relator in this case does not disclose such an interest as authorized him to maintain the present proceedings. Although the statute may authorize the proceeding to be instituted on the relation of any person, it is construed to mean a person who has an interest to be affected, and that it does not give a private relator the writ in a case of public right, involving no individual grievance. This is the construction placed on the Pennsylvania statute, on the English statute, and on other statutes similar to the Alabama statute in this respect.—*Commonwealth ex rel. v. McLaughlin,* 56 Pa. St. 270; s. c. 64 Am. Dec. 75; Thompson on Corporations, § 6776, and authorities there cited.

The failure of the defendant to keep its office in Anniston, Ala., does not constitute a ground for forfeit-

ing its franchise.—*N. & S. Rolling Stock Co. v. People,* 24 L. R. A. 462; High Extr. Legal Rem. 651. In connection with the principles declared in these cases, we would ask the court to consider that it does not appear from the evidence that any person suffered any injury or inconvenience by reason of the failure of the defendant to have all of its offices, agents, and place of business in Anniston.

Courts will always lean against a forfeiture. Their object is to uphold and preserve the estate, unless it be clear that the rights vesting in it have been improvidently neglected or illegally abused.—*State v. Real Estate Bank,* 41 Am. Rep. 109.

As to the filing of annual reports: The evidence shows that there was almost a literal compliance with that provision of the charter requiring the filing of these reports with the Auditor. It is true that the first report was not filed until some fourteen months after the corporation began to do business, but the volume of its business was insignificant, and the filing of the report, at such time as the defendant by its methods fixed as the end of its first year of business, and the filing of the second annual report twelve months thereafter, is certainly a substantial compliance with that provision. Besides, it has been expressly provided that the failure to file such reports is not ground of forfeiture.—Thompson on Corporations, § 6620.

Among the general principles established in cases of this character, is that to work a forfeiture there must be something wrong arising from wilful abuse or improper neglect, or the alleged abuse or misuse must be made a cause for forfeiture by the charter itself. *Commrs. etc. v. State,* 9 Gill. (Md.) 379; *State v. Merchants, etc. Co.,* 27 Tenn. 235; *Heard v. Talbot,* 7 Gray, 13; *Haynes v. Mississippi Valley, etc. Co.,* 51 Miss. 602; *State v. Minn. etc. Co.,* 40 Minn. 213.

TYSON, J.—We do not think the motion to dismiss the appeal should prevail. The appellant gave the required security for costs which was approved by the

clerk within the time prescribed by the statute within which the appeal must be taken.—§ 3437 of the Code.

Nor do we think that the application for appeal need have been in writing; nor did the conduct of appellant's attorney in directing the clerk of the lower court to withdraw the citation of appeal from the hands of the sheriff and the withholding of it until after expiration of the time for the appeal to be taken operate as an abandonment of it which had really been perfected when the security for costs was approved.

It is next insisted by appellee that the judgment should be affirmed because the petition does not show that relator has an interest which entitles him to institute this proceeding. As far back as 1877, this court, in *Tuscaloosa Scientific & Art Association v. State ex rel. Murphy*, 58 Ala. 54, construed the statutes as conferring the right to bring the action upon any person who would give the required security for costs. Speaking to this point the court said: "The Legislature thought they were sufficiently guarding the public against the abuse of its process when they required security for costs. We feel constrained, by the language of the statute, to hold that whenever security for the costs is given and approved by the clerk, any person may institute and prosecute proceedings under section 3420 of the Code of 1876."

These statutes have been twice codified without change since this decision. We do not, therefore, feel at liberty to depart from the construction placed upon them.—§§ 3417, 3418, Code, 1896.

This brings us to a consideration of the merits of the controversy. The first contention, upon which is rested the right to have a judgment of ouster entered against the respondent excluding it from a further exercise by it of the franchise conferred by the charter, is that it did not prior to April, 1903, maintain its principal office in the city of Anniston.

Respondent derived its corporate existence under an act of the General Assembly approved March 4, 1901. Acts, 1900-01, p. 2264. Section 3 provides: "That the principal office of said company shall be in the city of Anniston, Alabama, but it shall have power and author-

ity to establish agencies and branch offices in other counties of said State, and in other States in the United States, and appoint agents therein, and generally to do and perform all those things which may be necessary and proper to the proper conduct of its business and to carry out the objects and purposes as in this act are authorized to be done and performed."

Section 11 provides for the government of the corporation by a board of directors who are clothed with authority to elects its officers.

Section 12 provides: "That the annual convention of stockholders shall be held in the city of Anniston in said State; but the board of directors may meet at any other branch office or agency of said company upon due notice, and when two-thirds of said directors shall meet at the time, signified and to be named in the call for such meeting, their acts and doings shall be as valid and binding as if such meeting were held at the home office."

Section 13 makes it the duty of the president of the company to make an annual report to the Auditor of the State, under oath, showing "the capital and assets of the company, the number and amount of debentures, bonds and annuities outstanding, and the amount of reserve set apart to meet the same, and how and in what manner said reserve is invested and maintained."

It appears from the first section of the act that all of the incorporators of the company, five (5) in number, were residents of the State of Georgia, except John B. Knox, of Calhoun county, in this State.

It appears from the testimony that after the organization of the company it established an office in the city of Anniston, but that all of its officers except its general counsel, who was also one of its directors, resided in the city of Atlanta, where it also had an office, and that its books were kept there, until April, 1903. Since April, 1903, all of its managing officers have resided in the city of Anniston and all of its books have been kept in its office in that city. It also appears that in July, 1901, the company purchased and became the owner of a valuable piece of property in the city of Anniston, which it now owns. Conceding that the requirements put upon the

[The State *ex rel.* Scott v. United States Endowment & Trust Co.]

company of having its principal office in the city of Anniston is of the essence of the contract between the State and the corporation, its violation by the company is not expressly made a ground of forfeiture in the charter; and if a ground at all it must be upon the theory that the charter expressly imposes it as a duty without providing in so many words that a violation thereof shall be a cause of forfeiture, or that it is an implied condition resting upon the corporation by virtue of its acceptance of the charter.  Whether it be the one or the other, courts are clothed with a discretion which they may exercise, even though there may have been a violation by the corporation of the charter contract, in declaring a forfeiture, if the interest of the public do not demand such a judgment.—2 Morawetz on Private Corporations (2d ed.), § 1028; note by Mr. Freeman in 8 Am. State Rep. p. 181, in which is cited the following cases, viz.: *State v. Oberlin Building and Loan Association,* 35 Ohio St. 258; *State v. People's Mut. Ben. Association,* 42 Ohio St. 579; *State v. Minnesota Central Railway,* 36 Minn. 246, 258; *State v. Crawfordsville, etc. Turnpike Co.,* 102 Ind. 283, 289; *State v. Essex Bank,* 8 Vt. 489.  An examination of these cases will disclose that they fully support the learned annotator in his statement that "If a corporation is found guilty of acts or omissions which are expressly declared to be a cause of forfeiture of its franchise, plainly a court has no discretion to refuse such a judgment; * * * but in other cases the court is vested with a discretion, and may refuse a judgment of ouster, if, in its opinion, the interests of the public do not require such a judgment."  This principle was clearly recognized by the court in *Capital City Water Co. v. Macdonald,* 105 Ala. 425, 426, notwithstanding the facts of that case did not authorize the exercise of the court's discretion in favor of the respondent corporation.  So, then, if it be conceded that the respondent is shown to have been guilty of a violation of its charter, in respect of not having its principal office in the city of Anniston for the period of time pointed out above, ought this court in the exercise of its sound discretion forfeit its franchise? We think not.

[The State *ex rel.* Scott v. United States Endowment & Trust Co.]

This information was filed on November 7th, 1903. For more than six months prior thereto the respondent had met with the requirements of this provision of its charter even to the full measure of its duty according to relator's conception of it. And prior to this period, it had only violated its duty, according to relator's conception of it, by not keeping its books in its office at Anniston and one of its managing agents there in charge of them. It may be seriously doubted that such was its duty in view of section twelve and other provisions of its charter. But, however, this may be, its violation is shown to have been without prejudice to any citizen of the State or any other person. It has all along been solvent, and during that period it practically did no business in this State. No person ever brought a suit against it in this State until the filing of this information, nor does it appear that any person had any cause to bring suit.

To deprive it of its right to enjoy its franchise would doubtless entail loss upon its stockholders, a penalty that should not be imposed upon them when no public good would be subserved by it. And especially is this true when it cannot be affirmed without some misgivings, that they have not been guilty of a *willful* abuse of the franchise granted to them.

The only other matter insisted upon as a ground of forfeiture, is the failure of respondent's president to make an annual report to the Auditor as required by section 13 of the charter act. Relator contends that the company was fully organized in July, 1901, and that no report was made until November 1st, 1902. In this statement he appears to be sustained by the record. The report that was filed was clearly such as is required by section 13, as was the second report made in November, 1903.

If it be admitted that an entire failure to comply with this provision of the charter would be a ground of forfeiture, a proposition about which the courts do not seem to be in harmony, it does not appear that the omission here complained of was willful or intentional. Indeed, the making of the report in November, 1902, and the

making of the second annual report in November, 1903, would indicate that its president was mistaken as to the time when he should have made his first annual report, or that his omission to make it, within the twelve months after his company was organized, if it be admitted that this limitation as to time began to run from that date rather than from the date the company commenced to do business, was merely an oversight, and not attributable to willful or intentional misconduct. "It is to be observed that courts proceed with extreme caution in proceedings which have for their object the forfeiture of corporate franchises, and a forfeiture will not be allowed except upon express limitation, or for a plain abuse of power by which the corporation fails to fulfill the design and purpose of its organization."—*State ex. rel. Johnson v. Southern B. & L. Association,* 132 Ala. 50, 57. Furthermore, "Substantial performance of conditions is all that is required."—Freeman's note, *supra.*

Several exceptions were reserved during the trial to the admission of testimony. It is, however, unnecessary to pass upon these, since with this testimony excluded from consideration the result would be the same.

Affirmed.