(76 South. 375)

STATE ex rel. DALLAS et al. v. ATLANTA MUTUAL INS. CO. (6 Div. 554.)

(Supreme Court of Alabama. June 28, 1917.)

QUO WARRANTO ⬅3 — FOREIGN CORPORATIONS—WITHDRAWAL OF PERMIT.

Since the remedy to exclude an insurance company of a sister state from doing business in this state unlawfully, provided by Code 1907, §§ 2570, 4551, giving insurance commissioner power to determine whether corporation has complied with law and revoke permit to do business in case it has not, is adequate, at least until it appears that he will not exercise his powers, quo warranto is not available on the relation of private individuals, under sections 5453, 5454, 5459, and 5460 to exclude an industrial insurance company of a sister state from doing business in this state on the ground that it has not complied with sister state's conditions precedent to incorporation and is not empowered by its charter to do business in this state, where charter has been issued by sister state and it has obtained permit to do business in this state.

Mayfield, Sayre, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Action by the State of Alabama, on the relation of Victoria Dallas and others, against the Atlanta Mutual Insurance Company. From judgment for defendant, relators appeal. Affirmed.

C. B. Powell, Haley & Haley, and Douglas & Ray, all of Birmingham, for appellants. W. Carroll Latimer, of Atlanta, Ga., and Cabaniss & Bowie, of Birmingham, for appellee.

McCLELLAN, J. This proceeding, in the nature of quo warranto, seeks the exclusion of the Atlanta Mutual Insurance Company, a Georgia corporation, from "holding or exercising the franchise of a mutual aid association, benefit, or industrial company, or life and accident insurance company in Alabama." The proceeding appears to be an effort to avail of these provisions of the Code, § 5453:

"An action may be brought in the name of the state against the party offending, in the following cases:

"(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state."

The state's relation to and interest in a proceeding of this particular character is largely nominal. Indeed, Code, § 5460, provides that the proceeding shall abate upon the death of the original relator; unless a substitute, who also secures the costs, appears. Code, §§ 5454, 5459, 5460. The relators are private persons who are not shown by the record to bear any particular relation to the foreign corporation it is sought to exclude from doing business in Alabama. It is manifest that the proceeding is not directed toward the extinction of the corporation; it being a corporation created by another state, whereas only may the right of the corporation to exist be considered and determined. Hudson v. Green Hill Seminary, 113 Ill. 618, 630, 631. The pleaders' purpose is to exclude the corporation from activity in Alabama; and this upon two grounds, to state them in their legal effect; (a) That the state of Georgia has not constituted this institution a corporation because the company has not met and observed the requirements of the laws of Georgia which are a condition precedent to the creation of an insurance company of the type this institution purports to be; and (b) that the corporation has not been empowered by the state of its creation to do the character of business it is undertaking to do in Alabama.

It appears from the certificate of the secretary of state of Georgia that this company is a corporation duly organized under the laws of that state to carry on the business of "industrial life, health and accident insur-

ance." It further appears that the insurance commissioner of the state of Alabama has issued to this company his certificate attesting that the company has "complied with the laws of Alabama regulating such companies," and "is authorized to transact the business of industrial insurance in this state" during the period this company is charged with the usurpation of functions or ,powers not enjoyable or exercisable by it in Alabama. It further appears that this company has paid to the proper state official of Alabama the amount demanded for a permit to transact business in Alabama.

Upon the insurance commissioner of Alabama is imposed the duty of ascertaining whether a "foreign company" is entitled to do business in Alabama, whether such company has complied with the laws of Alabama prescribing the conditions under which it may be permitted to do or to continue to do business in Alabama. Code, § 2570; Gen. Acts 1911, p. 724; Gen. Acts 1915, p. 834 et seq. Code, § 4551, provides:

"*When Commissioner must Revoke Authority of Foreign Company.*—If the insurance commissioner is of the opinion, upon examination or other evidence, that a foreign insurance company is in an unsound condition, that its actual funds, exclusive of its capital, are less than its liabilities, or if it has failed to comply with the law, or if its officers or agents refuse to submit to examination, or to perform any legal obligation in relation thereto, or fail to pay any judgment against it by a citizen of this state, he shall revoke or suspend all certificates of authority granted to it or its agents, and shall cause notification thereof to be published in one or more newspapers of general circulation, and no new business shall thereafter be done by it or its agents in this state while such default or disability continues, nor until its authority to do business is restored by the insurance commissioner; but if ground for revocation or suspension relates only to the financial condition or soundness of the company, or to a deficiency in its assets, he shall notify the company not less than ten days before revoking its authority to do business in this state, and he shall specify in the notice the particulars of the supposed violation."

This power of visitation and the duty of scrutiny and of advised revocatory action thus imposed upon the insurance commissioner of Alabama are entirely adequate to effect the remedy of the causes of complaint made in this information, if found by that official to exist, at least until it has actually developed that the commissioner will not exercise the powers conferred on him, a condition of dereliction that cannot be· assumed or anticipated. If it is·granted (for the occasion only) that the quoted provisions of Code, § 5453, are available in any case to effect the exclusion of a "foreign company" from conducting a certain business in Alabama, the necessity for this extraordinary proceeding is not at all shown in this instance to exist, because the state itself has provided an efficient, adequate means to accomplish the ends sought to be effected through this information. Where an efficient, adequate method

and remedy otherwise is positively afforded to relieve or redress causes of complaint founded on corporate acts of the character in question, quo warranto is not available. This principle was recognized in State ex rel. v. Sou. B. & L. Asso., 132 Ala. 50, 56, 31 South. 375.

Without regard to other' considerations that would probably lead to the same conclusion, it results from the considerations stated that the trial court committed no error in denying the relief prayed. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and'SOMERVILLE and THOMAS, JJ., concur. MAYFIELD, SAYRE, and GARDNER, JJ., dissent.