26 So.2d 550

**STATE ex rel. FLOWERS v. ODEN et al.**

6 Div. 452.

Supreme Court of Alabama.

June 13, 1946.

Lawrence Dumas, Jr., of Birmingham, for appellant.

Frank M. Dixon and W. F. Shillito, both of Birmingham, for appellees.

BROWN, Justice.

This is an action in the nature of quo warranto by the State on the relation of Flowers, seeking to vacate the charter of the Alabama Mineral Land Company, and to prohibit the persons engaged in its operation from using its corporate name and power.

The proceeding is authorized by Chapter 33, Title 7, § 1133, Code of 1940, which provides:

"An action may be brought under this chapter, in the name of the state, against the offending corporation, on the information of any person for the purpose of vacating the charter, or annulling the existence of any corporation, other than municipal, whenever such corporation:

"Offends against any of the acts creating, altering, or renewing such corporation.

"Violates the provisions of any law, by which such corporation forfeits its charter, by abuse of its powers.

"Has forfeited its privileges or franchises by failure to exercise its powers.

"Has done or omitted any act which amounts to a surrender of its corporate rights, privileges, and franchises.

"Exercises a franchise or privilege not conferred on it by law."

The case was submitted to the circuit court on the petition, the answer of the defendants, exhibits attached thereto and a stipulation of facts entered into by the parties, resulting in a decree adjudging "That The Alabama Mineral Land Company was legally incorporated, that the duration of said corporation was extended in compliance with law and that said The Alabama Mineral Land Company is a de jure corporation and entitled to exercise its fran-

chise as such * * *." That the other respondents are not guilty of any unlawful act in respect thereto. This appeal is from that judgment.

The stipulation of facts shows that said corporation was organized in pursuance of the provisions of Sections 1937–1942, inclusive, of the Code of 1876, for the purpose of owning, developing and selling the lands purchased from the Selma, Rome and Dalton Railway Company located in the Counties of Dallas, Perry, Shelby, Bibb, Talladega, Calhoun, Etowah, Cleburne, Cherokee, St. Clair, Randolph, Autauga, Coosa and Clay, and the declaration filed by the incorporators was filed for record in the named counties and also in the County of Jefferson, designating it as its home office and place of business, as provided by Section 1939 of the code of that date, which provides: "Upon the filing and recording of such declaration the persons who have signed the same, and their successors, become a body corporate by the name stated therein, and with the powers conferred on private corporations by this Code."

Provision was made in the declaration for changing the site of its home office by appropriate resolution. There was no provision in the declaration as to the duration of the corporation, but under the provisions of Section 1941 of said code, its corporate existence was limited to twenty years.

By appropriate resolution filed on June 21, 1903, the home office of the company was changed from the County of Jefferson to the County of Calhoun, and subsequent to said change, of the location of the home office, and within the period of twenty years, a declaration was filed by the corporation and a majority in value of its stockholders in the Probate Office of Calhoun County, as provided in the general act approved March 20, 1903, Acts 1903, p. 115, amending Section 1260 of the Code of 1896, extending its existence for the term of twenty years.

The contention of appellant is that the filing of such resolution extending the life of the corporation in the office of the Judge of Probate of Calhoun County was abortive for the reason that Calhoun County was not the only county in which the corporation was organized. This contention is without merit. The filing of the declaration in Jefferson County on July 22, 1883, completing the list of counties in which the corporation was to engage in business, constituted an organization of said corporation in all of the named counties. 18 C.J.S. Corporations, § 77, p. 468; Randle v. Winona Coal Co., 206 Ala. 254, 89 So. 790, 19 A.L.R. 118. The declaration or resolution extending the life of the corporation filed in Calhoun County, the home office of the company, was a substantial compliance with the purpose and spirit of the statute. Code 1896, § 1260, as amended by the Act of 1903, supra.

After the extension above named was filed by resolution, in pursuance of the powers vested in the corporation, its home office was changed from Calhoun County to the City of Birmingham in the County of Jefferson. On May 30, 1927, there was filed in the office of the Judge of Probate of Jefferson County, Alabama, and by him forwarded to the secretary of state, a renewal of the charter of the Alabama Mineral Land Company. Appellant's contention is that at the time this was filed the corporation had become defunct in consequence of the forfeiture of its charter by lapse of time.

Section 7069 of the Code of 1923, Code 1940, Tit. 10, § 110, preserved the existence of the corporation for five years after its time limit had expired, and the application for renewal of the charter and extending the life of the corporation was filed within this five years. By this renewal it was preserved as a de jure corporation for an additional term of fifty years. Rayburn v. Guntersville Realty Co., 228 Ala. 662, 154 So. 812, 813, 93 A.L.R. 1055. The respondents are not charged with any of the offenses or defalcations enumerated in § 1133, Title 7, Code of 1940, other than a failure to observe the letter of the statute for the renewal and continuation of its corporate existence.

We find no error in the judgment of the circuit court.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.