174 So.2d 328

**STATE of Alabama ex rel. Claudine FULLER**

v.

**James W. HARGROVE et al.**

6 Div. 157.

Supreme Court of Alabama.

April 15, 1965.

Prince, Jones, Fowler, Propst & Topazi, Birmingham, for appellant.

Virgil K. Sandefer and Geo. E. Trawick, Birmingham, for appellees.

SIMPSON, Justice.

This case comes to us on appeal by the relator from a judgment of voluntary nonsuit to review rulings sustaining demurrer to an information in the nature of quo warranto. The action was brought in the name of the State, on the relation of Claudine Fuller, as a citizen and individually. Demurrer was sustained to the information as originally framed, and as successively amended.

Originally the action was brought against James W. Hargrove, Alfred A. Kelley, Marion DeCarlo and Paul DeCarlo. Purporting to proceed under both §§ 1133 and 1136, Title 7 of the Code of 1940, as amended, the relator sought the ouster of the named defendants from office as directors and officers of the corporation, PAJ Company, Inc., and also dissolution of the corporation, although the corporation was not named as a defendant. Where allegations of the information authorize relief

under §§ 1133 and 1136, Title 7, the petitioner must elect under which section he will proceed. State ex rel. Weatherly v. Birmingham Water Works Co., 185 Ala. 388, 64 So. 23. A further prayer of the information was that the individual defendants be required to pay to the attorneys representing the relator the sum of $15,000 as a reasonable attorney's fee for their services in the premises and to pay relator $5,000 for services rendered in the premises and to be rendered to the State of Alabama by the causing of the dissolution of the fraudulently organized PAJ Company, Inc., and for general relief. By amendment the corporation was made a party defendant, but both §§ 1133 and 1136 were followed.

■■ The basis for the relief (as alleged) sought, to state its substance, was that the purported certificate of incorporation of PAJ Company filed in the office of the judge of probate and recorded therein, which certificate is attached as exhibit to the information and made a part thereof failed to set forth with particularity the location of the principal place of business of the corporation; failed to show the name and post office address of the officer or agent designated to receive subscriptions to capital stock; failed to state names and addresses of incorporators and the number of shares subscribed for by each; failed to state the names and addresses of the directors and officers as required by law; failed to show statement under oath giving amount of capital stock which had been paid in; failed to have attached statement showing which of subscribers' payments were received in cash or otherwise. The certificate exhibited with the information is contradictory of the allegations of the information. Under the circumstances the exhibit must control the pleading. Gordon v. Central Park Little Boys League, 270 Ala. 311, 119 So.2d 23; Ivy v. Wiggins, 271 Ala. 610, 126 So.2d 469. Moreover, failure to follow the letter of the statute in some particular would not require judgment of dissolution. State ex rel. Flowers v. Oden, 248 Ala. 39, 26 So.2d 550.

■ A further specification that the statement in the certificate of incorporation showing subscribers to capital stock, the number of shares subscribed for and the amount paid in is false in that the named subscribers did not pay in the amounts stated. This allegation is a mere conclusion.

There are other allegations conclusional in form and without supporting allegations of fact: That the purported formation of the corporation would work fraud upon the numerous creditors of the incorporators, creating a "fictitious shield of corporate innumity from personal obligation of alleged stockholders and allow the corporation to serve as a buffer between the interest of creditors, including a large segment of the general public as well as the taxing authorities of the State of Alabama". It is alleged that the corporation has without consideration, and with the knowledge of the individual defendants, taken title to realty in such wise as to perpetrate fraud on legal or equitable claim owners who are citizens of Alabama and entitled to its protection.

Further amendment of the information charges, in effect, that one of the defendants fraudulently obtained a deed to realty, the title to which was in L. B. Fuller or L. B. Fuller and the relator, which deed was executed by L. B. Fuller and relator. Thereafter, it is charged, the named defendant conveyed to another and that the realty was then conveyed to PAJ Company. The information is vague with respect to the details of these transactions. It is not disclosed what relations exists or existed between L. B. Fuller and the relator, nor the interest the relator had in the realty, it being shown that the transaction was conducted by L. B. Fuller. He is not a party to this proceeding.

■ By a final amendment by relator to the information PAJ Company was stricken as a party defendant. The company thereupon filed a motion to dismiss as to it, which was granted "with prejudice". The corporation being no longer a party, § 1133, Title 7 of the Code has no applica-

tion. Section 1136 could be resorted to only "when any person usurps, intrudes into, or unlawfully holds or exercises * * any office in a corporation created by the authority of this state", or "when any association, or number of persons, acts within this state as a corporation, without being duly incorporated".

There is a complete absence of any showing that the defendants usurped or intruded into any office of the corporation. For aught appearing, they were duly elected by the stockholders. It does not appear that relator is a stockholder.

 While it has been held that anyone giving security for costs, approved by the clerk, may institute and prosecute proceeding in the nature of quo warranto (State ex rel. Scott v. United States Endowment & Trust Co., 140 Ala. 610, 37 So. 442) and such proceeding will not be dismissed merely because the relator might be benefited by a judgment of ouster (Floyd v. State ex rel. Baker, 177 Ala. 169, 59 So. 280), still the proceeding is not to be employed for the sole benefit of the relator and where the public good will not also be served. State on Inf. of Murphy v. Johnson, 243 Ala. 114, 8 So.2d 890; Baxter v. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119.

The present information while alleging that the public weal is involved, shows very clearly that it is the relator's interest which is sought to be served. If, as alleged, the corporation is insolvent or serves to defraud certain creditors, or those holding legal or equitable claims against the defendants, this does not show that the public good will be served by the granting of the writ. The only specific benefit is by way of a judgment for the services of the attorneys and the relator. To extract this amount from an alleged insolvent association or corporation would hardly seem to benefit creditors or claimants other than relator. Conceding, without deciding, that relator has suffered a wrong for which there should be a remedy, quo warranto does not seem to be the appropriate remedy.

Information in the nature of quo warranto is civil as distinguished from a criminal action, but it is not civil in the strict sense of synonymity with actions at law or in equity. Belding v. State ex rel. Davis, 214 Ala. 380, 107 So. 853; Capital City Water Co. v. State ex rel. Macdonald, 105 Ala. 406, 18 So. 62, 29 L.R.A. 743. It cannot be resorted to where other adequate remedy is available. State ex rel. Johnson v. Southern Bldg. & Loan Association, 132 Ala. 50, 31 So. 375; State ex rel. Dallas v. Atlanta Mut. Ins. Co., 200 Ala. 443, 76 So. 375.

We conclude that the information was subject to the demurrer and that judgment below should be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.