PER CURIAM.
This is an appeal by the relator, Dallas Burdette, from an order dismissing his complaint in the nature of a quo warranto action against certain employees of the Department of Revenue of the State of Alabama.
After considering the record, together with the briefs of the parties, this Court affirms the judgment of the trial court and adopts the opinion of that court as its own:
“I.
“On February 20, 1985, the ‘Informant,’ Dallas Burdette, filed an amended complaint pursuant to Section 6-6-591, Code of Alabama 1975, in the nature of a quo warranto action against the Defendants, all employees of the State of Alabama Department of Revenue. As grounds for removal of Defendants from their positions, the ‘Informant’ alleged that the Defendants were disqualified to hold their positions for failure to subscribe to the oath required of ‘officers’ pursuant to Article XYI, § 279, Constitution of Alabama of 1901, and 4 U.S.C. 101. Failure to take said oath was ‘Informant’s’ sole basis for the removal of Defendants from their positions. The Defendants’ job titles are as follows: J.S. Coats is currently the Supervisor of the Field Section, Income Tax Division, Revenue Department; V.S. McElvy is currently the Director of Revenue Operations, Revenue Department; S.L. Evans is currently the Assistant Commissioner, Revenue Department; Bill Thompson is cur *2 rently the Administrative Law Judge, Revenue Department.
“The ‘Informant’ stated to the Court that the sole basis for his request of writs of quo warranto against the Defendants was their failure to take and subscribe to the oath set out in § 279 of the Alabama Constitution. All of the Defendants admit that they have not subscribed or taken the oath set out in § 279 and affirmatively state that they are not ‘officers’ as that term is used in § 279 and thus, are not required to take the oath. As a result, there are no factual issues in dispute.
“II.
“Pursuant to § 40-2-40, Code of Alabama 1975, the Commissioner of Revenue is the chief executive officer of the Department of Revenue and exercises the powers, authority and duties vested in the Department of Revenue.[1]*[1] As employees of the Department of Revenue, the Defendants act under the authority and direction of the Commissioner of Revenue in exercising the powers and duties connected with the collection of taxes imposed by Title 40, Code of Alabama 1975.
“In State ex rel. Gray v. King, 395 So.2d 6 (Ala.1981), the Supreme Court of Alabama stated that ‘a public office is the right, authority, and duty, created by law, by which ... an individual is invested with some portion of the sovereign functions of the government_’ Pursuant to that definition, the Commissioner of Revenue is the only person within the Department of Revenue who is ‘invested’ with a portion of the sovereign functions of the State.
“Furthermore, in State ex rel. Gray v. King, supra, the Supreme Court held that a quo warranto action cannot be brought against a party who does not come within the definition of a ‘public officer.’ Although the Alabama courts have not dealt with quo warranto actions against tax administrators, other states’ courts have dismissed quo warranto actions against employees of state revenue departments because the employees are not ‘public officers.’ State ex rel. Benson v. Weiler, 6 N.J.Misc. 465, 141 A. 665 (1928); State ex rel. Gibson v. Fernandez, 40 N.M. 288, 58 P.2d 1197 (1936). The Court is of the opinion that the Defendants are not ‘public officers,’ invested with a portion of the sovereign functions of the State.
“HI.
“In Fuller v. Hargrove, 277 Ala. 688, 174 So.2d 328 (1965), the Supreme Court held that a quo warranto action cannot be maintained for the sole benefit of the ‘Informant,’ if the public good is not also served. In light of the fact that the ‘Informant’ makes no allegations of facts or circumstances which would permanently disqualify the Defendants from their positions and considering the fact that the exhibits introduced by the ‘Informant’ at the hearing indicate that the Defendants, acting on behalf of the Department of Revenue, attempted to collect income tax against the ‘Informant,’ it appears that the only party who will benefit from the issuance of writs of quo warranto in this action would be the ‘Informant.’ At any rate, there has been no showing that the public good will be served by the issuance of writs of quo warranto against the Defendants. To the contrary, the issuance of writs would serve no purpose but to harass the Defendants in the exercise of their duties of collecting taxes.
“IV.
“Section 279, Constitution of Alabama of 1901 requires an oath of office to support the Constitutions of the United States and Alabama from all members of the Legislature, and all officers, executive and judicial. State officers, as that term is used in § 279, are persons invested with the sovereign power of the State of Alabama. The ‘Informant’s’ interpre *3 tation of § 279 would require that every employee of the State of Alabama take the oath prescribed by § 279, since every employee performs some minor function in thé exercise of the State’s sovereign power. Certainly the Constitution of Alabama of 1901 did not intend such a result. The logical conclusion is that the oath of § 279 should only be [required of] persons actually invested with sovereign power by statute. The Defendants in this case are not ‘state officers’ in the constitutional sense of § 279.”
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, BEATTY, and HOUSTON, JJ., concur.

. Section 40-2-40: "The chief executive officer of the department of revenue shall be known as the commissioner of revenue, and all the powers, authority and duties vested in the department of revenue shall be exercised by the commissioner of revenue.”