THE STATE, AT THE RELATION OF HILL v. BURNETT.

1. The refusal of the Circuit Court to allow an individual to file an information, in the nature of a *quo warranto*, is a final judgment, which can be reviewed on a writ of error, whenever the object of the information is to ascertain the relator's rights to the usurped office or franchise.

2. In such a case it is immaterial, whether the relator proceeds by a rule on the incumbent, to show cause, or whether he asks for leave to file the information.

3. The cases in which the Courts exercise a discretion in granting or refusing the leave, seem to be those in which the term of the disputed office will expire before the information can be decided; or when the relation is made by one not claiming the office.

4. When the relation is made at the instance of one claiming the disputed office, and a *prima facia* case is made by his affidavits, he is entitled to be placed in the proper condition to assert his rights in due course of law ; and all disputed facts must be determined by a jury.

## Writ of Error to the Circuit Court of Wilcox County.

Motion for leave to file an information in the nature of a *quo warranto*, against Burnett for usurping the office of Sheriff of Wilcox County.

Notice was given to the defendant by the relator, that this motion would be made at the Fall Term, 1840. In support of it the affidavit of the relator was produced, which states his election as Sheriff of said County, by the people thereof, at the general election in August, 1838; that he was commissioned by the Governor, on the 13th of the same month, whereby he was entitled to hold the office for the term of three years, which is yet unexpired ; that he has in no wise, by resignation, abandonment, or otherwise, forfeited his right to exercise the office ; and that Burnett, the defendant, for seven months, then last past, had usurped and taken on himself to exercise the said office.

The defendant appeared and recited the motion. He produced many affidavits, none of which deny the original claim of the relator, but most of which showed that the relator had been absent from the County from December, 1839, until April 1840, and for a longer period than four months. He also,

The State, &c. v. Burnett,

showed that the judge of the County Court had enquired into the fact of the absence, and consequent vacation of the office, by the relator, pursuant to the act of 1825. [Aikins' Digest, 100;] and had certified the fact of the vacancy to the Governor, who thereupon commissioned the defendant. He also, showed that, at the August election, for the year 1840, he was elected Sheriff by the people of Wilcox, and under that election, was again commissioned. He also showed that the relator was a non-resident when the motion was made.

. The Circuit Court refused to allow the information to be filed. The relator prosecutes the writ of error and assigns the refusal as error.

PROCTOR, for the plaintiff in error, insisted that the relator was entitled to have the merits of his claim considered in due course of law, and to have the disputed facts ascertained by a jury. King v. Harwood, 2. East, 177. Commonwealth v. The Union, Fire, & Marine, Ins. Co, 5. Mass. 230. 5 Chitty, Gen. Pract, 552.

As to the jurisdiction of the Court to review the judgment, he relied on Ethridge v. Hill, 7 Porter, 47.

EDWARDS, for the defendant, suggested that a *mandamus* was the appropriate remedy, if the Circuit Court has improperly refused the information. If this is not the proper course, it cannot be reviewed on error, because the granting or refusing the information is entirely within the sound discretion of the Court; and, from the affidavits submitted, there can be no question but that the office was vacated by the relator under the statute.

To show that it is a matter of discretion, and not of right he cited, 2 John, 184; 14 S. & R. 216; 3, Mass. 285; 4 Cowan 382. Harden, 17.

GOLDTHWAITE, J.—1. In the case of Ethridge v. Hill, 7, Porter, 47, the same objection, as is now urged, was taken to reviewing the decision of the Circuit Court on a writ of error; but we then considered that there is no reasonable distinction between refusing to grant a writ, by which the parties' rights could be ascertained, and an erroneous judgment, by

which they might be compromited. In that case, the writ of error was prosecuted on the refusal to allow a *mandamus*; but we think the same principle applies to a refusal to allow an information, in the nature of a *quo warranto*, when the relation is made at the instance of an individual, and when the object of the information is to ascertain the relator's right to the usurped office or franchise.

2. We hold it to be immaterial in such a case as this, whether the relator proceeds by a rule to show cause; or whether he asks in the first instance, for leave to file the information. The former course would be without objection, but would necessarily involve more delay than is consistent with justice, when the inquiry affects an office, which is held for a very limited period.

The practice of proceeding in the first instance, by asking leave to file the information, seems however, to be equally correct, when notice of the motion is given, and sufficient time allowed to the defendant to prepare such affidavits as may be proper in opposition to the information. If, however, sufficient time had not been given, it at all times would be within the discretion of the Court to extend it. But it will hereafter be seen in what cases the defendant is authorised, to rebut the affidavits of the relator previous to forming an issue or issues of fact upon the information.

3. The main question which has been argued, is, with respect to the discretion, which the Circuit Court has to grant, or refuse, the leave to file an information of this description. It is certainly one of novelty, and likewise of much difficulty.

It is laid down in most cases, that the action of the Court is entirely discretionary and cannot be claimed as a matter of right. But we apprehend that this is the law only in those cases which still retain the character of State prosecutions. Such would an be information at the instance of one who laid no claim to the office supposed to be usurped; so likewise, when the franchise involved no question of private right, as in the cases of corporations, either public or private.

There is also another class of cases, in which the discretion of the Courts has been recognized; but these are where the contested office is held for a term, which must expire before the

right can be adjudicated.   People v. Sweeling. 2 John, 184. Commonwealth v. Athearn, 3 Mass. 285.

4. The convenience of this mode of proceeding has rendered the old writs for ascertaining a right to an office, or franchise, entirely obsolete, and it may be questioned, whether they would now be effectual, even if admitted to be in force, inasmuch as in such suits, the judgment could only operate *in personam*.   However this may be, the information in the nature of a *quo warranto*, when pursued by an individual claiming a right to an office, has long since lost its character as a State prosecution, and is now governed by the same rules as civil actions.   Rex v. Francis. 2 Term. 484.

It is not our intention now to review the cases on this subject; they are nearly all collected in Comyn. vol. 6. tit. *quo warranto*; 3, Bacon Ab. tit. information; and in 4 Cowan, 100 note.   We may remark however, that it seems clearly settled; even in those cases when the Courts exercised only, a discretionary power, whenever the right, or the fact on which the right depends is disputed; or when the right turns on a point of new or doubtful law; or when there is no other remedy, the information is usually granted.

On the whole, we are of opinion that, when the relation is made at the instance of one claiming a disputed office or franchise, and a *prima facia* case is made by his affidavits, he is entitled to be placed in the proper condition to assert his rights in due course of law; and to have all disputed facts determined by a jury.

In the present case, the relator asserts, that he is legally entitled to exercise the office of Sheriff, because he was elected and commissioned in 1838, and has never resigned, abandoned, or otherwise, vacated his right to the office.   On the other hand, the defendant admits, that the relator once was the Sheriff; but he insists, and it may be conceded, that he, by the affidavits submitted, fully establishes, that the office was vacated by the absence of the relator from the County, for more than four months.

Now it is very evident, that the absence is a question of fact; and as it is asserted by the one, and denied by the other, it can only be properly determined by a jury.   We, probably,

should arrive at the same conclusion, as did the Circuit Court, on the affidavits, but neither the absence for four months, the abandonment of the office, or the non-residence of the relator can be determined by the Court, unless admitted by the pleadings. The relator swears that he has neither resigned, abandoned, or otherwise, vacated his office. Whether he has done so, is a proper issue to the country.

The judgment of the Circuit Court is reversed, and is here rendered, that the said relator have leave to file his information, appearing in the transcript, and the case is remanded for further proceedings on the information.

