(78 South. 961)

## DE KALB COUNTY v. McCLAIN.
### (7 Div. 936.)

(Supreme Court of Alabama. May 16, 1918.)

1. ACTION ⊚═12 — DEFENSES — TITLE OF PLAINTIFF.

Where plaintiff alleged city's contract to pay for road-making material taken from his land, the defense that such material was a mineral and owned by a third person was not available to the city, which did not connect itself with the mineral owner, as a defense to the action, which was personal and transitory, when plaintiff was in undisputed possession of the land.

2. COURTS ⊚═7—TRANSITORY ACTION—CONVERSION.

Where county purchased road material to be taken from surface of land of which plaintiff had undisputed possession, a third person, claiming as owner of minerals in the land, could not, after material was removed, in a transitory action, recover it or damages for its conversion from either the plaintiff or the county.

3. APPEAL AND ERROR ⊚═1026 — HARMLESS ERROR.

Where, no matter how many errors may have intervened on the trial, it affirmatively appears that no possible injury could thereby result, the judgment will be affirmed.

Anderson, C. J., and McClellan, J., dissenting.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by W. M. McClain against De Kalb County. Judgment on directed verdict for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Baker & Baker and Hunt & Wolfes, all of Ft. Payne, and Luke P. Hunt, of Birmingham, for appellant. E. P. Reed, of Collinsville, and E. O. McCord, of Gadsden, for appellee.

MAYFIELD, J. The county of De Kalb contracted with appellee to purchase from him chert and gravel for the purpose of improving and maintaining the public roads of the county. Appellant county was to dig and haul the road-making material from the land of appellee at an agreed price to the latter per cubic yard. A stated quantity of the material was so dug, hauled, and used by the county. But the county declines to pay appellee therefor, basing its declination upon the fact that the material used by it was mineral matter, and that appellee did not own the minerals on and in the land from which said material was taken, but that the minerals were owned by one Killian. This defense was set up by special pleas 3 and 4. Demurrers were interposed to the pleas, but there appears to have been no ruling thereon. The trial was had on these issues, and after all the evidence was introduced the court gave the affirmative charge for the plaintiff, and the county appeals.

[1] The special pleas presented no defense to this action of assumpsit, which is a personal transitory action. Both the pleas and the evidence, without dispute, showed that appellee was in the undisputed possession of the land from which the material was taken, and that he then claimed and now claims title to such material with the right to remove same, and the county in no way connects itself with the alleged owner of the minerals on the land from which the material was taken. The nature, character, or extent of appellee's title to the land of which he was in the undisputed possession, under a claim of right to the road material so taken and removed therefrom, cannot be determined or inquired into in this personal and transitory action. Such a defense is not available in an action like this, where the plaintiff is in the undisputed possession of the land.

While there is a difference of opinion among members of the court as to the extent of this doctrine, and as to its applicability to certain cases, this defense is not availing, under the views of any member of the court. See majority and minority opinions in the case of Pearce v. Aldrich Mining Co., 184 Ala. 610, 64 South. 321, where most all the authorities are reviewed. In that case it is said in the majority opinion:

"The general rule is that when things which in their natural state form part of the freehold are severed therefrom, and converted into chattels, they belong to the owner of the land. Mere changes in the form of things, so long as the identity of the material can be traced, will not work a change of ownership. And trover or detinue may be maintained for their conversion or detention, if they are removed from the freehold. The owner of the freehold cannot, however, maintain either of these actions if, at the time of the severance he had not actual or constructive possession of the land—if the land was then held and occupied adversely to him. Cooper v. Watson, 73 Ala. 252; Adler v. Prestwood, 122 Ala. 367, 24 South. 999; Brooks v. Rogers, 101 Ala. 111, 13 South. 386. It is also well settled that, unless it is necessary to prove a constructive possession of land, the title thereto cannot be put in issue in these transitory actions. Or, as was said by this court, speaking through Brickell, C. J., in the case of Fielder v. Childs, 73 Ala. 567, and again in the case of Cooper v. Watson, supra, 'the law will not permit the title to land to be inquired into directly.' "

This is undoubted law, and its observance is necessary to preserve certainty as to titles to land. If the nature, character, and extent of title to land can be inquired into and litigated in every transitory action which the owner and possessor may have with third parties, as to its products and usufructs after they are severed therefrom, then no title to land can ever be secure or be determined. If every fact alleged in these special pleas were true, and all the defendant's evidence were true, they constituted no defense to this action. The plaintiff was in the undisputed possession of the land, including the road material sold and removed from the land and used by the county on the public roads. So far as this record shows, no other person has ever claimed the material or sought to

hold the county liable therefor. The county appears to speak as a pure volunteer in asserting Killian's title to the material.

[2] The record moreover shows that the material was taken from the surface of the land, and that plaintiff had the undisputed possession and title to the surface, and the actual possession of the material removed, claiming it as his own. This being true, Killian could not, in a transitory action, recover the material, or damages for its conversion, from either the plaintiff or the county. Pearce v. Aldrich Co., 184 Ala. 610, 64 South. 321. If Killian himself could not recover in an action like this, then surely a stranger to his right and title cannot defend by setting up his title.

The case is not brought within the rules declared in Sloss-Sheffield Co. v. Taff, 178 Ala. 391, 59 South. 658, or in Black Warrior Co. v. West, 170 Ala. 346, 54 South. 200, or in Hooper v. Bankhead, 171 Ala. 626, 54 South. 549, for the reasons that those were real actions, or actions in the nature thereof, or proceedings in equity in which the title to land can be directly inquired into and determined, and in those cases there was evidence to show that, after the severance of the surface and mineral by deed, the owner of the surface did not claim the minerals or mineral rights. Here the action is purely transitory and personal, and the undisputed evidence shows that plaintiff was in the possession of the road material sold and removed and was claiming it as his own. This precluded the right of Killian and those claiming under him to show constructive possession by the introduction of deeds. Pearce v. Aldrich Co., 184 Ala. 610, 64 South. 321.

[3] No matter how many errors may have intervened on the trial, it affirmatively appears that no possible injury could thereby result to the defendant.

The only verdict or judgment which should have been rendered was rendered; and hence the judgment is affirmed.

SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

ANDERSON, C. J. (dissenting). I cannot agree to the disposition of this appeal as made by the opinion of the majority. The defendant interposed special pleas 3 and 4, to which no demurrer was sustained, and the case seems to have been tried upon the issue there presented and there was proof in support of said pleas, and, this being the case, the plaintiff was not entitled to the general charge given by the trial court. This is an appellate court only, and must determine appeals upon issues presented, and not de novo, by disregarding the issues and proof and rendering a judgment that could or should have been rendered had the case been tried upon the proper issues and proof and according to legal principles applicable thereto. I am opposed to technical and frivolous reversals, but do not think that this court should disregard the proceedings in the trial court to the extent of affirming a case upon the theory that if it had been differently and properly tried the defense here set up would have been unavailing.

McCLELLAN, J., concurs in this dissent.