(88 South. 427)

WARD v. MEADOWS. (6 Div. 158.)

(Supreme Court of Alabama. April 7, 1921.)

1. **Municipal corporations ⬿706(7) — Negligence of automobilist after discovery of peril of motorcyclist held for jury.**

In an action by a motorcyclist for injuries received in a collision between his motorcycle and defendant's automobile, *held*, that court erred in giving the affirmative charge at defendant's request as to a count wherein plaintiff relied for recovery upon the negligence of defendant after he became aware of plaintiff's peril and negligently failing to use all means at his command to avoid the collision when by the use thereof the accident could have been averted.

2. **Trial ⬿143—Question of fact for jury on contradictory evidence, however strong on one side.**

Where the evidence is conflicting on a question of fact, the matter is for the jury, however strong the evidence may be upon one side.

3. **Trial ⬿253(9)—Instruction held erroneous as ignoring evidence of subsequent negligence.**

In an action by a motorcyclist to recover damages for injuries received in a collision with defendant's automobile, court erred in instructing, "If you believe from the evidence in this case that the defendant proceeded out of the hospital driveway and onto J. street within a reasonable distance from the right-hand curb and proceeded along J. street at a reasonable rate of speed, then you must find for the defendant," as it ignored evidence tending to establish subsequent negligence under the humanitarian doctrine.

4. **Jury ⬿131(4) — Objection to question whether juror owned automobile properly sustained.**

In an action by motorcyclist to recover for injuries received in collision with defendant's automobile, court properly sustained defendant's objection to plaintiff's request that the court while qualifying the jury ask whether or not any of them owned automobiles.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by J. L. Ward against J. A. Meadows. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The appellant, Ward, sued appellee, Meadows, for damages for injuries received by him in a collision between himself and the defendant's automobile. The collision occurred in a public highway known as Juniper avenue in the city of Birmingham.

The complaint contained three counts. The first count was for simple negligence, charging negligence in a general way in the operation of the automobile; the second count charged specifically negligence after the discovery of plaintiff's peril; and the third count charged a wanton act. Upon the conclusion of the testimony the court, at the request of the defendant, gave the general affirmative charge as to counts 2 and 3. The first count was submitted to the jury, and they returned a verdict for the defendant. The court gave for the defendant the following charge:

"(10) If you believe from the evidence in this case that the defendant proceeded out of the hospital driveway and on to Juniper street within a reasonable distance from the right-hand curb and proceeded along Juniper street at a reasonable rate of speed, then you must find for the defendant."

The testimony for the plaintiff tended to show as follows: That on the morning of August 16, 1919, he was riding on a motorcycle on Juniper avenue, and was about 9 feet from the right-hand curbstone. It had been raining and the pavement was slick. At about the time he was passing the outlet from the hospital Dr. Meadows, the defendant, was coming out of the passage from the hospital; that he came out into the street so far that he had to turn to get out of the way to keep from being hit, and in the turn the motorcycle skidded and threw him about two steps from the motor on the street, and then the defendant's automobile struck him breaking his left leg, arm, and nose, and carried him 10 or 12 feet when he fell from the car. He was then carried to another place in the street, and from there to the hospital.

The defendant's car turned west when it came out of the hospital grounds, the opposite direction from that in which plaintiff was going. The plaintiff was about 20 feet below the street where the defendant was coming out, and had taken two steps in the street when the defendant ran against him. The plaintiff's auto was going about 15 miles an hour and the defendant 10 or 12 when his motor skidded. The street was about 40 feet wide, and, while plaintiff never did get farther from the curb than 9 feet, the defendant came from the opposite side over onto his side of the street and hit the plaintiff while he was running.

The evidence for the defendant tended to show that just as he turned his car into the street he saw the plaintiff on a motorcycle, and noticed that it was going to skid; that he immediately slowed up and "eased around" the corner, and stopped as quickly

as he could; that he did not go on the other side of the street at all, and that the side of his car which was nearest the curb was not over 2 feet from the curb; when plaintiff got within a few feet of him the motorcycle threw him off, and he fell on his feet, like one thrown from a moving train, and he ran over on the defendant's side of the street and ran into the automobile, hitting the left fender and also the radiator; that when he stopped his car it was practically parallel with the curb; that the street is 36 feet and 2 inches wide; and that he was never over 2 feet from the curb. Defendant further testified that his car was in good condition, and he had perfect control over it; that he saw the tracks of the motorcycle, and measured from the corner of the street to where the motorcycle started to skid was exactly 75 feet, and the tracks were practically in the middle of the street; that his brakes were good, and he could not have been going over 15 miles an hour, and, in fact, is of the opinion that 10 miles would be the maximum; that the car could have been stopped within 10 or 11 feet. There was nothing to obstruct the defendant's view from the direction in which the motorcycle was coming.

Defendant offered numerous witnesses to corroborate his theory that his car was very near the curb on his side of the street as he turned into Juniper street from the hospital grounds, never exceeding 2 feet from the curb, and that he was guilty of no negligence.

While the court was qualifying the jury, the plaintiff requested the court that the jury be asked whether or not any of them owned automobiles. The defendant's objection was sustained, and the plaintiff excepted.

W. A. Denson, of Birmingham, for appellant.

Court erred in directing a verdict as to counts 2 and 3. 194 Ala. 176, 69 South. 601; 144 Ala. 350, 39 South. 74; 140 Ala. 215, 37 South. 338; 144 Ala. 331, 39 South. 305; 172 Ala. 593, 55 South. 252, 35 L. R. A. (N. S.) 420; 124 Ala. 375, 26 South. 880; 171 Ala. 316, 55 South. 107. The plaintiff had a right to inquire if any of the jurors owned automobiles. 182 Ala. 577, 62 South. 199; 175 Ala. 354, 57 South. 876, Ann. Cas. 1914C, 1037; 168 Ala. 560, 53 South. 213.

Nesbit & Sadler, of Birmingham, for appellee.

Subsequent negligence was comprehended in the first count. 197 Ala. 71, 72 South. 366; 158 Ala. 391, 48 South. 99; 194 Ala. 360, 70 South. 125. Where recovery may be had under one count, which is submitted to the jury, the withdrawing of another count presenting the same issues is not error. 91

205 Ala.—28

Ala. 487, 8 South. 552; 179 Ala. 213, 60 South. 175; 194 Ala. 360, 70 South. 125; 175 Ala. 391, 57 South. 823. Although not entitled to the general charge, if the evidence overwhelmingly sustains the verdict rendered, the verdict will be upheld. 116 Ala. 142, 23 South. 53; 181 Ala. 565, 61 South. 914; 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; 201 Ala. 565, 78 South. 961.

GARDNER, J. [1] The first assignment of error presents for review the action of the court in giving the affirmative charge at the defendant's request as to count 2. This count specifically relies for recovery upon the negligence of defendant after he became aware of plaintiff's peril, and negligently failing to use all means at his command to avoid the collision, when by the use thereof the accident could have been averted. The giving of this charge was therefore an instruction to the jury, in effect, that the plaintiff could not recover upon the theory of subsequent negligence.

We are persuaded this was error. From the defendant's evidence the jury could infer that he became aware of the plaintiff's peril just as he turned his car from the driveway into Juniper street, for he says he then saw that the motorcycle was going to skid, and immediately slowed his car and "eased around" the corner, and that at this time the plaintiff was about 75 feet distant. The plaintiff insisted, that he was driving his motorcycle on the right-hand side of the street, never a greater distance than 9 feet from the curb, and that defendant drove his automobile across the street onto the side where plaintiff was, inflicting the injuries complained of. The evidence of the defendant was to the effect that at the rate of speed he was going he could have stopped his car within 10 or 11 feet. It is manifest, therefore, that if the plaintiff's evidence is to be believed, the jury could infer from all the testimony in the case that defendant did not use all the means at his command to avoid injuring the plaintiff after discovery of his peril; for, accepting the plaintiff's version of the accident, the defendant, instead of stopping within 11 feet, went across the street, and within 9 feet of the opposite curb, before striking plaintiff. The question of subsequent negligence therefore should have been submitted to the jury, and the court committed error in instructing them to the contrary.

[2] Counsel for appellee insists the evidence supporting the defendant's theory was so overwhelming and that of the plaintiff himself was so unreasonable, that for these reasons it appears the plaintiff could not recover, and that consequently this appeal should not result in a reversal—citing De Kalb County v. McClain, 201 Ala. 565, 78 South. 961. That case dealt with a question

of law, and is not applicable to a situation as here presented, for, however strong may be the evidence for the defendant, there was nevertheless a conflict, and presented a question of fact for the jury. The argument is without merit.

[3] Charge 10, given for the defendant, which will appear in the statement of the case, likewise ignores any evidence tending to establish subsequent negligence, and should not have been given.

[4] We think it requires no discussion to disclose the court committed no error in sustaining the objection to the question sought to be asked the jurors upon their qualification.

We are not convinced that a case had been made out under the wanton count, and therefore conclude no error was committed in giving the affirmative charge as to count 3.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.