(125 So. 650)

**PATE et al. v. HALL.** (6 Div. 528, 529).

Supreme Court of Alabama. Jan. 16, 1930.

Curry & Curry, of Carrollton, and H. A. & D. K. Jones, of Tuscaloosa, for appellants.

Patton & Patton, of Carrollton, for appellee.

BOULDIN, J.   Josiah S. Hall filed a bill for the sale of lands for division among tenants in common, and for an accounting against W. S. Pate, Jr., one of the respondents, for rents collected and timber sold from the common property.

The appeal is from a decree granting complainant relief.

The record abounds in irregularities.

The bill alleges complainant owns an undivided one-fourth interest in the lands subject to the dower interest of "Annie Bailey," now known as "Annie Hairston," in this one-fourth interest.   She was made respondent. No answer was filed by her, and no decree pro confesso was taken against her.   By the final decree, complainant is decreed this full one-fourth interest, no mention being made of the dower interest.

The bill further avers that respondents Mamie Bailey Cook, Lettie Ferguson, and W. A. Pate, Jr., own each an undivided one-fourth interest in the property.   Decrees pro confesso were taken against Mamie Bailey Cook and Lettie Ferguson.

Mrs. E. A. Pate, wife of W. A. Pate, Jr., not an original party, appeared, asked leave to make herself party defendant, and joined her husband in making answer to the bill. This answer denies all title of complainant; claims absolute title in Mrs. E. A. Pate against all the other parties; and denies liability of W. A. Pate, Jr., to account for rents or timber.

Without further pleading or amendment of the bill, proof was taken, submission had, and final decree rendered.   Complainant was decreed an undivided one-fourth interest in the lands, including timber; W. A. Pate, Jr., decreed the ownership of an undivided three-fourths interest in the standing timber on the lands; and his wife, Mrs. E. A. Pate, decreed the ownership of an undivided three-fourths interest in the land, excepting the standing timber owned by her husband.

As to Anna Bailey or Anna Hairston, the cause was not at issue in any way; not ready for proof as against her.   The taking of proof, the submission, and decree were all premature.   Yet the decree in effect denies her ownership of a dower interest as alleged in the bill, and decrees such interest to complainant.   He is thus decreed an interest greater than claimed in the bill; this increased interest being that alleged to be owned by a party against whom the cause was not at issue.

Again the decrees pro confesso against Mamie Bailey Cook and Lettie Ferguson on personal service were admissions of the facts averred in the bill; admissions of their ownership of an undivided one-fourth interest each, and of the necessity for a sale. They were not admissions of the ownership of Mrs. Pate, who entered as a new claimant.   It is the right of a third person claiming an interest in the premises to appear in partition proceedings "and answer the petition, and assert his or her rights, by way of interpleader." Code, § 9332.   This implies that other parties have notice and opportunity to litigate the issues presented by such interpleader.

The appeal is prosecuted by respondents Mr. and Mrs. Pate.   It appears that, after answer filed by them, the cause proceeded as though they were the sole respondents.   Evidence was taken by complainant and by these two respondents.   Complainant introduced a conveyance purporting to pass the interest of Anna Bailey to him, and respondents introduced conveyances purporting to pass the interests of Mary Bailey Cook and Lettie Ferguson to Mrs. Pate.

The cause was submitted for decree on testimony noted by these parties.   The decree deals with them as the only parties involved, is silent as to the other parties, but they were never stricken by amendment of the bill.   See Code, § 9333.

Appellee insists that appellants cannot complain of the errors and irregularities above mentioned, because they participated in the irregular proceedings and suffer no injury therefrom.

The general rule is a party is entitled to a reversal only for errors injurious to him. We may note that here the complainant was decreed a greater interest in the property than claimed in the bill in the face of an answer of appellants denying any title in him.

■■ Partition proceedings are subject to the general rule that pleadings and proof must correspond. Generally, a complainant should be decreed no greater interest than alleged or shown by the facts set up in the bill. 47 C. J. p. 430, § 405. But we need not rest a reversal on this ground.

■■ In many cases a reversal will be had out of regard for the orderly administration of justice. If proceedings disclose that necessary parties are not before the court, so that clouds and complications of title will result from judicial proceedings, it is the duty of the court to decline to proceed unless necessary parties are brought in. A decree in disregard of this duty will be reversed. McDonald v. McMahon's Adm'r, 66 Ala. 115. Quite as strong a reason is present where parties in court are ignored and their right and title adjudicated in disregard of due process of law. It was early declared by this court that it will not speculate as to whether such judgment or decree will be binding on collateral attack. Batre v. Auze's Heirs, 5 Ala. 173.

A proceeding like this, looking to a judicial sale of property, should look to obtaining a fair price for the property, and the protection of the purchaser at least in so far as this end is attainable by proceedings in consonance with well-established rules. A legislative recognition of this policy is expressed in a statute authorizing the court to have an abstract of title made, if deemed advisable. Code, § 6661.

■ Proceeding to final decree without the cause being at issue as to parties and decreeing to others the title alleged in the bill to be owned by them is so erroneous as to call for a reversal on appeal of any party. Smith v. Smith, 212 Ala. 132, 101 So. 903; Loring v. Grummon, 176 Ala. 236, 57 So. 818; State ex rel. Phillips v. Benners, Chancellor, 172 Ala. 168, 55 So. 298; Durr v. Hanover National Bank, 148 Ala. 363, 42 So. 599; Vaughan v. Smith, 69 Ala. 92; Johnson v. Kelly, 80 Ala. 135; Prout v. Hoge, 57 Ala. 28.

■ Where one tenant in common owns an undivided interest in the lands including standing timber, but the timber interest as to other shares has been severed and held in separate ownership from the land, there is no error in decreeing the sale of the whole in solido, and ordering a reference to ascertain the portion of the proceeds to be decreed to the owner of such timber interest.

■ In the absence of proof that a sale of the timber and of the land separately would bring as good or better aggregate price than a sale in solido, a separate sale should not be ordered. There was no error in this regard.

■ Neither was there error in decreeing that the interest of W. A. Pate, Jr., in the proceeds of sale, when ascertained, be applied so far as need be to the payment of the amount ascertained and decreed to be due complainant on account of his interest in rents received and timber sold from the common property, nor in rendering a personal decree for any unpaid balance so due complainant. Being a party in equity as owner of an interest in the timber, equity will proceed to grant complete relief.

The decree will be reversed and cause remanded that further proceedings be had by amendment, of pleadings or otherwise, as the parties may be advised in conformity with this opinion.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.