9 So.2d 119

**BAXTER v. STATE ex rel. METCALF.**

**7 Div. 709.**

Supreme Court of Alabama.

June 25, 1942.

John A. Lusk, Jr., of Gadsden, for appellant.

122

Thos. S. Lawson, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., amici curiae.

Robinson & Parris, of Gadsden, for appellee.

GARDNER, Chief Justice.

This is a proceeding in the nature of quo warranto brought in the name of the State on the relation of one Metcalf who does not make himself a party thereto. No private rights are sought to be protected or enforced, but only the exclusion of defendant from the office of Superintendent of Education of Etowah County which he is alleged to have usurped and is unlawfully holding.

Upon consideration of the pleadings and proof the trial court granted the writ and entered a judgment of ouster against defendant, from which this appeal is prosecuted.

By the common law the matter of instituting proceedings of this nature was a prerogative of the Attorney General who could exercise an arbitrary discretion in this regard not subject to be controlled or reviewed. 22 R.C.L. 702. The Attorney General of this State has been permitted to file a brief as a friend of the court in which it is insisted that he has the right of control and it is not in the interest of the public welfare the writ should issue, citing Title 55 §§ 229, 244, Code 1940; Staples v. State, 112 Tex. 61, 245 S.W. 639, and State v. Butler, 225 Ala. 191, 142 So. 531.

But we think a consideration of Sections 1136 and 1142, Title 7, Code 1940, clearly indicate a contrary view, and the right is given an individual to institute such proceedings in the name of the State if he also makes himself a party thereto individually and security for cost be given as provided by Section 1137, Title 7, Code 1940. Illustrative of the proper manner in which such a proceeding should be instituted is State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

It is only by virtue of our statutory system that an individual, in a case of this character, has any standing in court. The use of the name of the State is more or less a formality. The State is without interest and only a formal party to the cause (State v. Butler, supra; 51 C.J. 334), though we have sanctioned the view a proceeding instituted in the name of the State on relation of an individual suffices for the purpose of an amendment making the relator as an individual party thereto. West End v. State, 138 Ala. 295, 36 So. 423.

But proceeding to a final judgment of ouster upon the petition in the name of the State alone is tantamount to granting relief to a mere nominal party and one who in fact seeks no redress and is without interest in the result. Indeed, as above indicated, the State through the Attorney General has demonstrated any such relief is not desired. Originally the writ of quo warranto issued out of chancery (22 R.C.L. 683) and we have often entered reversals on appeal in equity cases for a

want of a necessary party to the suit though the question was not raised in the court below.

■ As said in Pate v. Hall, 220 Ala. 411, 125 So. 650, 652, "in many cases a reversal will be had out of regard for the orderly administration of justice".

■■ Under the provisions of Section 1142, Code, supra, when the action is brought on the information of any person "his name must be joined as plaintiff with the state". Our statutory system has supplemented the common-law remedy and is now the only system of laws touching quo warranto proceedings obtaining in this State and we have held that such a proceeding that fails to meet the statutory requirements as to parties and procedure cannot be maintained. Louisville & N. R. R. Co. v. State ex rel. Gray, 154 Ala. 156, 45 So. 296.

■ Though the question was not presented in the court below, yet to proceed to final judgment without such joinder is to grant relief not only in the absence of a necessary party, but in favor of a mere nominal party and in utter disregard of the statute. It bears some analogy to those cases where judgment is entered upon a complaint stating no cause of action, as discussed in Kirkland v. Pilcher, 174 Ala. 170, 57 So. 46. We, therefore, conclude the judgment is due to be reversed for the reason stated.

But we think something more should be said touching the merits of the litigation. In November, 1940, F. A. Reagan was duly elected Superintendent of Education for Etowah County pursuant to the local Act of February 24, 1939, Local Acts 1939, p. 18, his term of office to begin July 1, 1941. When elected Reagan was a Captain in the 167 Infantry Alabama National Guard 31st Division and was called into service of the United States Army as authorized by law. Under this law no officer of the rank of Captain could resign or be relieved from the call. Reagan in June, 1941 made the required bond and duly qualified as County Superintendent.

On July 1, 1941 the County Board of Education met and unanimously granted Reagan leave of absence "for the duration" and selected defendant Baxter to serve as assistant superintendent. No salary was ever fixed for Reagan and he has been paid no compensation whatever.

He is now a Major in the United States Army. Any discussion of the question here considered as to Baxter's authority must necessarily affect Reagan's rights to his office and his status in relation thereto. But Reagan is absent and no one attempts to make a direct attack upon his title to the office of County Superintendent. Baxter was employed by the County Board of Education in July, 1941 and it was not until March, 1942 this proceeding was begun. And it must be borne in mind this proceeding involves no redress of personal rights or protection of any individual interest. The sole purpose is to nullify the action of the County Board in employing Baxter and thus leave the school system of the county without a guiding hand unless a vacancy be declared and filled.

But it is clear enough relator is actuated by a motive inspired by the action of the County Board in the removal of one high school principal at Attalla. The record indicates this as the sole motive for this proceeding. The removal of this principal appears to have been by unanimous action of the membership of the Board acting presumably in what they considered the best interest of all concerned.

■ The court, in cases of this character, where no private rights are sought to be redressed, exercises sound discretion, as often here declared. State v. Burnett, 2 Ala. 140; Rainwater v. State, 237 Ala. 482, 187 So. 484, 121 A.L.R. 981; State on inf. of Murphy v. Johnson, Ala.Sup., 8 So.2d 890.[1] And this is the generally recognized rule. "It may be stated as a general rule that the court has discretion to proceed to judgment or not according as the public interests do or do not require it, and will not do so where no good end will be subserved." 22 R.C.L. 723; 51 C.J. 328.

Though our people now face the greatest crisis in American history and all of our energies and strength must be devoted to a victorious conclusion of this gigantic struggle, yet all are agreed that our civil government must proceed in due and orderly fashion and our laws unabatedly enforced.

But here it is clear enough the party vitally interested in the result of this litigation is now a member of our armed forces, not a party to the cause or in any manner represented. And it further is

---

[1] Ante, p. 114.

124

plain from this record that the members of the County Board are exerting their every effort to carry on the school system with as little inconvenience to their citizenry as possible under existing circumstances. Is it in the interest of the public good that they be embarrassed and hampered in their laudable effort to carry on? Will it serve the public interest to oust Baxter and leave the school system without a guiding hand while the superintendent is in the service of his Country at the front?

As we have previously observed this record plainly indicates that back of this proceeding is dissatisfaction with the action of the Board in discharging a high school principal—that and nothing more. Relator no doubt possesses all qualities of good citizenship and has doubtless acted in good faith. All of this may well be presumed. But human nature is weak and men are often moved by feelings of indignation or out of regard for friendship to an individual, when sober second thought would have dictated a contrary course.

The courts, in the exercise of a sound discretion in cases of this character, should "consider all the circumstances of the case, the motives of the relator in having the proceedings instituted * * * and whether the public interest will be served by allowing the information to be filed." 51 C.J. 328.

We have said enough to indicate our view that it would not only work an injustice to Reagan to proceed with this character of suit in his absence and without a right to be heard, but the public good will not be served by its continuance.

Justices BOULDIN and BROWN concur in the opinion, except they are not in accord with that part of the opinion which makes reference to the State as a nominal party only in cases of this character wherein relator has no private right to vindicate, and the judicial department has the discretion to determine the public interests.

We are therefore of the opinion that in the exercise of a sound judicial discretion this proceeding should be dismissed.

An order to that effect will here be entered.

Reversed and rendered.

All the Justices concur as indicated, except KNIGHT, J., not sitting.