153 So.2d 248

**STATE of Alabama ex rel., Albert BURKART et al.**

v.

**Joe SAWYER.**

**6 Div. 767.**

Supreme Court of Alabama.

May 9, 1963.

St. John & St. John and Bland & Bland, Cullman, for appellants.

Murray A. Battles, Cullman, for appellee.

PER CURIAM.

This is a proceeding in the nature of quo warranto, brought in the name of the State on relation of Albert Burkart, Carlie Burkart, Robert Warren and Clint Warren, petitioning also as individuals, by authority of Title 7, §§ 1136 and 1137, Code of Alabama 1940. No private rights are sought to be protected or enforced, but only the exclusion of defendant Joe Sawyer from the office of Councilman of the Town of Hanceville, Alabama.

Upon consideration of the pleadings and proof, the trial court denied the prayer of the petition, and held that defendant was living in and a resident citizen of the Town of Hanceville and legally serving as a lawful member of the Town Council of Hanceville, clothed with all the powers, privileges and duties of said office. From this judgment, petitioners appeal to this court.

The petition charges that the defendant was, in the municipal election held on Sep-

tember 19, 1960, in the Town of Hanceville, duly and legally elected to the office of Councilman of this Town; that he was inducted into office on October 3, 1960, but that he vacated the office on to wit, November 23, 1960, at which time he moved without the corporate limits of the Town of Hanceville where he had been a resident citizen until such removal. Such vacation was effected by Title 37, § 403, Code of Alabama 1940, so petitioners contend.

It appears from the evidence on this cause and by the findings of the trial judge, the defendant purchased a home in Combs' Third Addition, to which he removed; that he lived on Johnson Street in what is known as Old Hanceville at the time of his election, and that co-relators Albert Burkhart and Clint Warren were Councilmen at the time the election was called. The other two relators are brothers respectively of the above named co-relators.

It appears from the evidence that this suit was filed by petitioners after parking meters were installed in front of the business premises of some of the relators. As to whether or not motivation for the suit was the result of these installations remains a matter of inference from the evidence. Relators contend that such installations did not inspire the suit, while respondent contends otherwise. The trial judge did not make any finding of fact from this evidence; neither does this court.

It further appears that some years back there were two towns, Steppville or New Hanceville and Old Hanceville, between which there was a strip of land commonly referred to as "no man's land," which was incorporated into a merger of the two towns, making the Town of Hanceville as it now exists. When suit was filed, so the court found, there was no available means or data that would disclose the exact location of the boundary lines of the Town of Hanceville.

It also appears that the governing body of Hanceville, of which two of the above relators were members at the time, furnished utilities and garbage collection service to the residents of Combs' Third Addition; that names of the people in this area were placed upon the poll list by two of the co-relators, and that these persons whose names were so placed voted in the last election; that some of these people paid city and ad valorem taxes to the Town on their property in the Addition. The Town caused some of the streets to be paved. The town otherwise, during the tenure of the two co-relators, recognized this area to which defendant moved as being within the corporate limits.

This court, in the case of Baxter v. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119, in an opinion by the eminent and late Chief Justice Gardner, observed as follows:

"But it is clear enough relator is actuated by a motive inspired by the action of the County Board in the removal of one high school principal at Attalla. The record indicates this as the sole motive for this proceeding. The removal of this principal appears to have been by unanimous action of the membership of the Board acting presumably in what they considered the best interest of all concerned.

"The court, in cases of this character, where no private rights are sought to be redressed, exercises sound discretion, as often here declared. State [ex rel. Hill] v. Burnett, 2 Ala. 140; Rainwater v. State [ex rel. Strickland], 237 Ala. 482, 187 So. 484, 121 A.L.R. 981; State on inf. of Murphy v. Johnson, [243] Ala.Sup. [114], 8 So.2d 890. And this is the generally recognized rule. 'It may be stated as a general rule that the court has discretion to proceed to judgment or not according as the public interests do or do not require it, and will not do so where no good end will be subserved.' 22 R.C.L. 723; 51 C.J. 328." (243 Ala. at page 123, 9 So.2d at page 121)

The Legislature of Alabama enacted into law Act No. 205, General Acts 1961, page 238, approved August 1, 1961, whereby, since the rendition of the judgment in this

cause, the disputed area was incorporated into and made a part of the Town of Hanceville.

In view of this act, which amounts to a confirmation of the Town Council's recognition of the disputed area as a part of the corporate limits of the Town as well as its lawful inclusion, we do not think any public interests or any good end will be subserved by a continuance of this litigation.

We, therefore, affirm the judgment of the trial court in denying the prayer for relief and in clothing appellee with all the powers, duties and privileges of the office of Councilman to which he was duly elected by the voters of the Town of Hanceville.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, while serving on the Supreme Court at the request of the Chief Justice, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.