SHORES, Justice.
This appeal, by the State, is from a judgment entered on a jury verdict in a condemnation case. The State condemned 5.59 acres of the Elliott land for the construction of new U. S. Highway 280 and a county road leading to Old Highway 280. The only issue submitted to the jury was the amount to which the landowner was entitled for the property taken. Evidence of value ranged from $3,200 to $12,000. The jury awarded $10,000. We affirm.
The State argues, first, that the trial court erred in allowing testimony to go to the jury to the effect that the county road built on part of the property taken led to a sanitary landfill. Several witnesses testified without objection that the new road, shown on a map introduced by the State, led to a sanitary landfill located about a quarter of a mile from the Elliott land. We need not decide whether evidence regarding the landfill was properly admitted under the facts of this case, since the trial court, in its oral charge, instructed the jury:
“Now, there is evidence in this case, and The Court allowed it to come to you, and it is undisputed that the Highway and its Spur road, all of which are part of this project and this condemnation proceeding, are presently being used as an access road to a Sanitary Landfill. There is no evidence in this case, that the Plaintiff, The State of Alabama, either located, constructed, or is presently operating a sanitary landfill. Therefore, that may not be used by you as a measure of damages in this case. Now, this compensation is to be assessed or fixed, as of August 6th, 1973; this being the date on which the property was being condemned for public use. The sum fixed *684 by you should represent, in your enlightened judgment, the fair cash-market-value of the property taken and the damage to the tract remaining by the condemnation as of the 6th day of August, 1973. .” (Emphasis Added)
Error, if any, in allowing testimony regarding the sanitary landfill was error without injury, since the court instructed the jury to disregard it in arriving at the damage or compensation due the landowner, the only issue before the jury. The State could not have been prejudiced by such evidence. See: DeKalb County v. McClain, 201 Ala. 565, 78 So. 961 (1918); Pate v. Hall, 220 Ala. 411, 125 So. 650 (1930); Hunt v. Murdock, 229 Ala. 277, 156 So. 841 (1934).
The only other argument advanced by the State concerns the testimony of an expert witness who testified that he knew the reasonable market value of the land involved in these proceedings. During the course of his testimony, he referred to at least three sales of comparable lands. His testimony was that one 8-acre parcel had sold for $1,725.00 per acre for a total price of $13,800.00. The State introduced the deed to this parcel which showed a consideration of $10,500.00. The State contends this effectively impeached this witness, and that the court erred in permitting him to testify that he had rechecked his testimony and that $1,725.00 per acre was correct. The witness had said previously, in response to a question asking how much it sold for an acre: “I have a note here that tells me exactly.”
Again, without conceding that the trial court erred, if it did, it was harmless error. This witness was qualified as an expert. He testified that he had an opinion as to the reasonable market value of the Elliott land. He also gave testimony regarding the sale price of comparable lands in the vicinity. There is no reversible error in allowing him to restate his version of what the sale price was on one of these parcels. The consideration recited in the deed is not conclusive evidence of the sale price. Branch Bank of Decatur v. Kinsey, 5 Ala. 9 (1843).
We have carefully reviewed the record in this case. There is ample evidence to support the jury verdict of $10,-000.00 as damages and compensation to the landowner for the State’s taking 5.59 acres of his land. We find no reversible error.
AFFIRMED.
HEFLIN, C. J., and MADDOX, JONES and BEATTY, JJ., concur.