Dan Wiley, individually and upon the relation of the State of Alabama, as authorized by § 6-6-591, Code 1975, filed two petitions for writ of quo warranto challenging the rights of appellants Conrad Freeman and Ernest Rouse to serve upon the Mobile County Personnel Board. Freeman and Rouse each appeal from adverse judgments entered on separate jury verdicts. We affirm.
The complaints brought against Freeman and Rouse alleged that neither of them was legally holding his respective office as a member of the Mobile County Personnel Board, because neither then lived in the district which he was selected to serve. Therefore the petitions prayed both should be removed from office and their respective positions declared vacant. Freeman and Rouse answered by denying those allegations. In addition, each sought to assert an affirmative defense of bad faith on the part of the relator, Wiley, in bringing the actions.
It is Freeman's and Rouse's contention that Wiley's sole motive in instituting the quo warranto proceedings against them was to further a conspiracy between Wiley, the mayor and other officials. The conspiracy allegedly was designed to remove Rouse and Freeman from the personnel board in order to replace them with individuals who would adhere to the conspirators' views about the role and actions of the Board.
After allowing discovery on the issue of bad faith, the trial judge declined to allow evidence concerning Wiley's motives in initiating the suit to be introduced. A motion to reconsider this ruling was denied. Additionally, Wiley's motion in limine, which sought to limit testimony in the trial solely to that of residency, was granted.
The case proceeded to trial and the jury returned verdicts against Freeman on one day and against Rouse on the following day. Judgments were entered accordingly. Motions for a new trial were denied.
The first issue raised by the appellants is whether the trial court committed reversible error by refusing to allow testimony as to the motives of Wiley in instituting the quo warranto proceedings.
Private individuals in Alabama are authorized by § 6-6-591, Code 1975, to institute quo warranto actions. The writ of quo warranto may issue at the judge's discretion when brought by a private person as these were. 65 Am.Jur.2d Quo Warranto § 10 (1967). In the event that no public good is served by issuing the writ, it should be denied. Burkart v. Sawyer, 275 Ala. 171,153 So.2d 248 (1963); Baxter v. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119 (1942). However, even though an incidental benefit accrues to the relator, nevertheless the writ should issue if it benefits the public good. Floyd v. State ex rel.Baker, 177 Ala. 169, 59 So. 280 (1912).
In Fuller v. Hargrove, 277 Ala. 688, 174 So.2d 328 (1965), this court stated:
 "[S]uch proceeding [quo warranto] will not be dismissed merely because the relator might be benefited by a judgment of ouster [citation omitted], still the proceeding is not to be employed for the sole benefit of the relator and where the public good will not also be served." [Citations omitted.]"
Id., at 691, 174 So.2d 328.
Clearly, in quo warranto proceedings brought by private individuals, the trial judge should consider all the relevant circumstances before determining whether the *Page 1025 
public interest would be served should the writ issue. Baxterv. State ex rel. Metcalf, 243 Ala. 120, 9 So.2d 119 (1942). However, once the trial court decides to issue the writ, the respondents' legal right to hold the office remains the exclusive concern.
In the instant case, the trial court gave Rouse and Freeman ample opportunity to present circumstances warranting dismissal. Immediately before trial the following discourse took place:
 "THE COURT: . . . Do you want to make any showing about what you would expect to show as regard to motive, Mr. Marsal?
"MR. MARSAL: Yes, sir.
"THE COURT: Make it.
"MR. MARSAL: In regard to witnesses?
"THE COURT: Yes, sir.
"MR. MARSAL: You want the testimony?
 "THE COURT: I want whatever you want for your record.
 "MR. MARSAL: You want me to state for the Court what we expect the evidence to be in regard to motive?
"THE COURT: Yes, sir.
"MR. MARSAL: All right, sir."
Thereafter, attorneys for Rouse and Freeman proceeded to proffer a detailed synopsis of evidence, gathered through discovery, concerning Wiley's ill-will motives in filing the quo warranto proceedings. However, the trial court allowed the action to proceed. It is our holding that once the trial court considered all the relevant circumstances regarding motive, as mandated by Baxter, but nevertheless allowed the action to proceed, the court properly limited the issue to the residency of the respondents. See Stasch v. Weber, 188 Neb. 710,199 N.W.2d 391 (1972); State v. Sorrell, 174 Neb. 340,117 N.W.2d 872 (1962); Moran v. Teolis, 20 Ill.2d 95, 169 N.E.2d 232
(1960). We conclude that the trial court properly exercised its discretion in disallowing the admission of any evidence concerning the relator's motives.
The second issue raised by Rouse and Freeman is whether the jury verdicts were against the great weight and preponderance of the evidence. After a careful review of the entire record, we conclude that more than ample evidence was admitted justifying the jury to find that both Rouse and Freeman: (1) Had physically abandoned their designated districts; (2) lacked a present intention to return; (3) had established another place of residence outside their respective districts; (4) with the intention to remain outside their districts permanently, or at least for an unlimited time. Osborn v. O'Barr, 401 So.2d 773
(Ala. 1981); Rabren v. Mudd, 285 Ala. 531, 234 So.2d 549
(1970). Accordingly, the trial judge properly denied Rouse and Freeman's motion for a new trial. Osborne v. Cobb,410 So.2d 396 (Ala. 1982).
Neither did the trial court abuse its discretion by giving the so-called "dynamite" or "Allen" charge, after a full day of inconclusive jury deliberations over a single issue. Ashford v.McKee, 183 Ala. 620, 62 So. 879 (1913).
Lastly, the trial court properly charged the jury that its verdict must be unanimous.
Accordingly, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, EMBRY, BEATTY and ADAMS, JJ., concur. *Page 1026