INGRAM, Justice.
Tommy Walling, a minor, was injured when the motorcycle he was driving collided with a truck driven by Scott Amos Small-wood. Walling, by and through his mother Rebecca Walling, sued Smallwood, alleging claims of negligence and wantonness. A jury returned a verdict for Walling, and the trial court entered a judgment on that verdict. Smallwood appeals.
The dispositive issue on appeal is whether the trial court abused its discretion in its instruction to the jury encouraging it to return a unanimous verdict.
A “dynamite” — or “Allen” — charge, so named for Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), is a supplemental jury instruction given by the trial court after the jury indicates that it is hopelessly deadlocked, unable to reach a unanimous verdict. In that instruction the trial court may restate to the members of the jury their duty as jurors, ask them to reexamine their positions on the issues at hand, and encourage them to reach a unanimous verdict. In Ashford v. McKee, 183 Ala. 620, 62 So. 879 (1913), this Court stated:
“The trial judge is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict, and may urge them to make every effort to do so consistent with their consciences. He may advise jurors to lay aside mere pride of judgment, and not adhere to an opinion regardless of what the other jurors may say, merely through stubbornness, to examine any existing difference in a spirit of fairness and candor, and to reason together and talk over such differences and harmonize them, if possible. So, also, the court may urge as reasons for agreeing on a verdict the time and expense which a new trial would entail. But it is not proper to give an instruction censuring jurors for not agreeing with the majority.”
See also Alabama Pattern Jury Instructions: Civil (2d ed. 1993) instruction 1.21; Rouse v. Wiley, 440 So.2d 1023 (Ala.1983); Seaboard System R.R. v. Page, 485 So.2d 326 (Ala.1986); Veal v. Teleflex, Inc., 586 So.2d 188, 192 (Ala.1991); Lomax v. Speed, 507 So.2d 455 (Ala.1987).
On August 9, 1994, after the presentation of the evidence, the jury began its deliberations at 2:30 p.m. At 2:50 p.m., the jury requested, and the trial court gave, additional instructions on the definition of “wantonness.” At 4:40 p.m., the jury informed the court that it was deadlocked. The court asked the jury to continue to deliberate; it continued deliberating until 5:30 p.m., when the trial court allowed it to recess until the following morning. On August 10, the jury returned and began its deliberations at 9:00 a.m.; these deliberations continued until 10:30 a.m., when the jury again indicated that it was deadlocked. At that point, the trial court instructed the jury, in part, as follows:
“I understand there are some of you that feel strongly one way and some of you feel strongly the other way. I’m going to request as strongly as I can that y’all attempt to reach a verdict and put your personal opinions — and at this point, it may be a little bit of pride one way or the other_ It is important that y’all resolve this dispute if at all humanly possi *845 ble. It is going to require a great deal of patience and a great deal of sacrifice on your part. At this point, there is no reason each side in this ease can’t look at the other side, and give a little bit, and come out with a verdict in this case that will truly reflect all the circumstances shown by the facts and the evidence.... I’m very reluctant to let you go. I think from looking at you and knowing some of you, I think y’all are the best of what this county has to resolve this dispute. As I said, it is tough. It is not an easy decision. We have to make tough decisions. In making those decisions, sometimes we have to do some things that personally we would not like to do. But for the good of everyone concerned, that is what it requires. I’m going to send you back to deliberate and I want you to earnestly look at your side and your positions and attempt to — both sides attempt to reach a verdict that would reflect the law and the evidence ... and settle this dispute between the parties so we all don’t have to go through this again.... Somewhere in all this, there is a verdict that is fair to both parties. I want y’all to go back and try to get that. I’m going to send you back and if you desire, you may take a break. I would like you to deliberate a little longer and try to reach a verdict. I’m not going to hold you here indefinitely; but I would strongly urge y’all to put aside whatever your personal differences are and reach a verdict in this ease.”
The trial court overruled Smallwood’s objection to this instruction and his motion for a mistrial.
Smallwood primarily relies upon Veal v. Teleflex, Inc., supra, and Seaboard System R.R. v. Page, supra, for his contention that the jury charge was error. This Court approved an Allen charge in both Veal and Seaboard. The trial court in Veal instructed jurors “not to violate [their] conscience in any way,” 586 So.2d at 191, 192, while the trial court in Seaboard System urged the jurors to reach a verdict “if [they] could do so without violating [their] conscientious convictions.” 485 So.2d 326, 329. Smallwood notes that the trial court here did not instruct the jurors against violating their consciences, and he maintains that the verdict was coerced.
We hold that the trial court acted within its discretion in its instruction encouraging the jury to return a unanimous verdict. The trial court is not required in an Allen charge to specifically warn the jurors against violating their consciences. Instead, the trial court’s charge must be reviewed in its entirety to determine whether it was coercive. After reviewing the charge here in its entirety, we find it clear that the trial court effectively made the jurors aware of their significant responsibility and of the importance of returning a unanimous verdict. It is also apparent that the trial court did not exert pressure on the jurors to return a verdict in disregard of their convictions or their views of the evidence. Although, as suggested by Pattern Jury Instruction 1.21, it is an excellent practice for the trial court, in an Allen charge, to specifically warn the jurors against violating their consciences, the same result may be brought about through a non-coercive charge like that given in this case.
The judgment is affirmed.
AFFIRMED.
ALMON, SHORES, HOUSTON and BUTTS, JJ., concur.